**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEWEL WIGGINTON, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>ADVANCE AUTO PARTS, INC., THOMAS R. GRECO and THOMAS OKRAY,<br><br>        Defendants. | C.A. No. 18-cv-212-GMS<br><br>CLASS ACTION |

**OPENING BRIEF IN SUPPORT OF MOTION OF GARDINER MURPHY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

**FARNAN LLP**
Brian E. Farnan, Esq. (Bar No. 4089)
Michael J. Farnan, Esq. (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
Email: bfarnan@farnanlaw.com
Email: mfarnan@farnanlaw.com

[Proposed] Liaison Counsel for Plaintiff and Class

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 34th Fl.
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff and Class

April 9, 2018

## **Table of Contents**

Table of Authorities ................................................................................................................ ii

I.      NATURE AND STATE OF THE PROCEEDINGS .......................................................... 1

II.     SUMMARY OF THE ARGUMENT ................................................................................ 1

III.    STATEMENT OF FACTS ................................................................................................ 2

IV.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF .......................................... 3

        A.      Movant is Willing to Serve as Class Representative ............................................. 3

        B.      Movant Has the Largest Financial Interest in the Action ...................................... 4

        C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil
                Procedure ............................................................................................................... 4

        D.      Movant Will Fairly and Adequately Represent the Interests of the Class and Is
                Not Subject to Unique Defenses ............................................................................ 6

        E.      Movant's Selection of Counsel Should Be Approved ........................................... 6

        CONCLUSION ................................................................................................................. 7

# Table of Authorities

**Cases**

*In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ............................................. 5

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) .......................... 5

*In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) ........................... 4, 5

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ..................................................................................................... 6

15 U.S.C. §78u-4(a)(3)(B)(iii) ......................................................................................... 1, 3, 4, 6

**Rules**

Fed. R. Civ. P. 23 ...................................................................................................................... 1

Plaintiff Gardiner Murphy ("Movant") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

a)  appointing Movant as Lead Plaintiff for the class of all purchasers of the shares of Advance Auto Parts, Inc. ("Advance Auto" or the "Company") during the period between November 14, 2016 through August 15, 2017, inclusive (the "Class Period"); and

b)  approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Farnan LLP as Liaison Counsel for the Class.

## I.  NATURE AND STATE OF THE PROCEEDINGS

This action was commenced on February 6, 2018. That same day, The Rosen Law Firm, P.A. issued a PSLRA early notice indicating that the deadline for the appointment of Lead Plaintiff was April 9, 2018. *See* Declaration of Brian E. Farnan, Esq. ("Farnan Decl."), Ex. 1, filed herewith.

## II.  SUMMARY OF THE ARGUMENT

The Court is to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Here, Movant suffered $58,244 in losses. Movant is not aware of any other movant with greater losses in Advance Auto common stock during the Class Period. Accordingly, Movant should be appointed Lead Plaintiff, having suffered the largest financial loss of any movant seeking appointment as Lead Plaintiff in this matter and otherwise satisfying the pertinent typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Farnan LLP as Liaison Counsel should be approved, as counsel have substantial experience in securities class actions and other complex litigation.

## III.   STATEMENT OF FACTS

This is a securities class action brought on behalf of purchasers of the shares of Advance Auto during the Class Period, seeking to pursue remedies under the Section 10(b), SEC Rule 10b-5 thereunder, and Section 20(a) of the Exchange Act against Advance Auto and certain of its officers and directors.

Advance Auto is a leading automotive aftermarket parts provider in North America that serves professional installers, independently-owned operators, and "do-it-yourself" retail customers. The Company's stores sell, among other things, original equipment manufacturer and private label automotive replacement parts, accessories, batteries, and maintenance items for automotive vehicles.

The Complaint alleges that during the Class Period, Defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, the Complaint alleges that Defendants failed to disclose that: (1) integration issues surrounding the Company's Carquest acquisition resulted in systemic inefficiencies and cannibalization of sales; (2) increased competition was negatively impacting sales; and (3) as a result, Defendants' statements about Advance Auto's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

## ARGUMENT

## IV.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thereby entitled to the presumption that it is the most adequate plaintiff of the class, and that it, as a result, should be appointed Lead Plaintiff.

## A.    Movant is Willing to Serve as Class Representative

Movant has filed the instant motion and certifications attesting to Movant's willingness to serve as a representative of the class, and, if necessary, to provide testimony at deposition and trial. *See* Farnan Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

During the Class Period, Movant purchased 1,400 shares of Advance Auto stock, expended total net funds of approximately $172,780, and suffered an approximate loss of $58,244.00. *See* Farnan Decl., Ex. 3. Movant is not aware of any other movant that has a larger financial interest in Advance Auto stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the

> representative parties will fairly and adequately protect the
> interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Fuwei Films*, 247 F.R.D. at 437; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and its claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Advance's business and financial condition. Movant, as did all of the members of the class, purchased Advance Auto shares at prices artificially inflated by defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (a)      will not fairly and adequately protect the interest of the class; or
>
> (b)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above. Movant is not aware of any unique defenses that defendants could be raised against it that would render it inadequate to represent the class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the class.

**E.      Movant's Selection of Counsel Should Be Approved**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Farnan LLP as Liaison Counsel. The Rosen Law Firm, P.A. has been actively researching the Movant's claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the Defendants. Furthermore, the firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted

securities litigations and securities fraud class actions on behalf of investors. *See* Farnan Decl., Exs. 4, 5.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel and Farnan LLP as Liaison Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 9, 2018                          Respectfully submitted,

                                              **FARNAN LLP**

**The Rosen Law Firm, P.A.**                  /s/Brian E. Farnan
Phillip Kim, Esq.                             Brian E. Farnan, Esq. (Bar No. 4089)
275 Madison Avenue, 34th Floor                Michael J. Farnan, Esq. (Bar No. 5165)
New York, New York 10016                      919 N. Market St., 12th Floor
Telephone: (212) 686-1060                     Wilmington, DE 19801
Fax: (212) 202-3827                           Tel: (302) 777-0300
Email: pkim@rosenlegal.com                    Fax: (302) 777-0301
                                              bfarnan@farnanlaw.com
*[Proposed] Lead Counsel for Plaintiff and*   mfarnan@farnanlaw.com
*Class*
                                              *[Proposed] Liaison Counsel for Plaintiff and*
                                              *Class*