## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEWEL WIGGINTON, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:18-cv-00212-GMS Hon. Gregory M. Sleet |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CLASS ACTION |
| ADVANCE AUTO PARTS, INC., THOMAS R. GRECO and THOMAS OKRAY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## OPENING BRIEF IN SUPPORT OF THE MOTION OF
## THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR
## APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
## SELECTION OF COUNSEL

**OF COUNSEL:**

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
Emails: namjed@ktmc.com
        dcheck@ktmc.com
        rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff the Public
Employees' Retirement System of Mississippi
and Proposed Lead Counsel for the Class*

**ROSENTHAL, MONHAIT &
GODDESS, P.A.**
P. Bradford deLeeuw (DE Bar ID #3569)
919 N. Market Street, Suite 1401
Wilmington, Delaware 19801
(302) 656-4433
Email: bdeleeuw@rmgglaw.com

*Proposed Liaison Counsel for the Class*

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

NATURE AND STAGE OF PROCEEDINGS ...................................................................... 3

SUMMARY OF THE ARGUMENT ..................................................................................... 3

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

     I.     MISSISSIPPI PERS SATISFIES THE PSLRA'S
            REQUIREMENTS AND SHOULD BE APPOINTED LEAD
            PLAINTIFF.................................................................................................... 5

          A.     Mississippi PERS Has Timely Moved for Appointment as
                Lead Plaintiff ................................................................................... 6

          B.     Mississippi PERS Has the Largest Financial Interest in the
                Relief Sought by the Class............................................................... 7

          C.     Mississippi PERS Satisfies Rule 23's Typicality and
                Adequacy Requirements .................................................................. 7

                1.     Mississippi PERS's Claims Are Typical ....................... 7

                2.     Mississippi PERS Is Adequate ...................................... 8

     II.    MISSISSIPPI PERS'S SELECTION OF COUNSEL SHOULD
            BE APPROVED ............................................................................................ 9

CONCLUSION...................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ............................................................................................ *passim*

*In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*,
    586 F.3d 703 (9th Cir. 2009) .................................................................................................9

**Rules & Statutes**

15 U.S.C. § 78u-4(a) .......................................................................................................... *passim*

Fed. R. Civ. P. 23(a) .................................................................................................................8

**Other Authorities**

H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ...................................2, 9

The Public Employees' Retirement System of Mississippi ("Mississippi PERS") respectfully submits this Opening Brief in support of its motion for: (1) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (2) approval of Mississippi PERS's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class and Rosenthal, Monhait & Goddess, P.A. ("Rosenthal Monhait") as Liaison Counsel for the class; and (3) granting such other and further relief as the Court may deem just and proper.

## INTRODUCTION

The above-captioned securities class action (the "Action") asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 15 U.S.C. § 78t(a), against Advance Auto Parts, Inc. ("Advance Auto" or the "Company") and certain of its executive officers (collectively, "Defendants") on behalf of all persons who purchased Advance Auto securities between November 14, 2016, and August 15, 2017, inclusive (the "Class Period").[1]

The PSLRA governs the selection of the lead plaintiff in class actions asserting claims under the federal securities laws. Specifically, the PSLRA requires the appointment of the movant: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the relief sought by the class; and (3) who also satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (describing the PSLRA's process for selecting a lead plaintiff). Here, Mississippi PERS respectfully submits that

---

[1] As noted below, *infra* at 4, the Company's corrective disclosures ending the Class Period were issued before the markets opened on August 15, 2017.

it is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead

Plaintiff because, to the best of its knowledge, its loss of approximately *$2,183,026* on a last-in,

first-out ("LIFO") basis in connection with its transactions in Advance Auto securities during the

Class Period represents the largest known financial interest in the relief sought by the class. *See*

Declaration of P. Bradford deLeeuw in Support of the Motion of the Public Employees' Retirement

System of Mississippi for Appointment as Lead Plaintiff and Approval of Selection of Counsel

("deLeeuw Decl."), Exs. A & B.

In addition to asserting the largest financial interest, Mississippi PERS easily satisfies the

relevant requirements of Rule 23 because its claims are typical of all members of the class and

because it will fairly and adequately represent the class.  Moreover, as an institutional investor

with substantial experience serving as a lead plaintiff under the PSLRA (resulting in billions of

dollars recovered by investors), thousands of participants, and more than $28 billion in assets under

management, Mississippi PERS is the prototypical movant envisioned by Congress to serve as

Lead Plaintiff under the PSLRA.  *See* H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995

U.S.C.C.A.N. 730, 733; *Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage

institutional investors to serve as lead plaintiff").

Finally, Mississippi PERS has retained experienced and competent counsel to represent the

class.  Accordingly, Mississippi PERS respectfully requests that its selection of Kessler Topaz as

Lead Counsel for the class and Rosenthal Monhait as Liaison Counsel for the class be approved.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 276 ("the Reform Act evidences a strong

presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel

selection and counsel retention").

## NATURE AND STAGE OF PROCEEDINGS

On February 6, 2018, the Action was filed by plaintiff Jewel Wigginton. The Action assets claims against Defendants under Sections 10(b) and 20(a) of the Exchange Act on behalf of all persons who purchased Advance Auto securities during the Class Period (November 14, 2016, through August 15, 2017). The Action is in the preliminary stages of litigation, and pursuant to the PSLRA, requires the appointment of a Lead Plaintiff and Lead Counsel.

## SUMMARY OF THE ARGUMENT

1.      The PSLRA requires district courts to appoint the "most adequate plaintiff" as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Mississippi PERS respectfully submits that it is the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because it: (1) timely filed a motion; (2) to the best of its knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class. *See id.* § 78u4(a)(3)(B)(iii)(I).

2.      The PSLRA also provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." *Id.* § 78u4(a)(3)(B)(v). Accordingly, Mississippi PERS respectfully requests that the Court approve its selection of Kessler Topaz as Lead Counsel for the class and Rosenthal Monhait as Liaison Counsel for the class.

## STATEMENT OF FACTS

Advance Auto, a Delaware corporation, is an automotive aftermarket parts provider in North America that serves professional installers, independently-owned operators, and "do-it-yourself" retail customers. The Company's stores sell, among other things, original equipment

manufacturer and private label automotive replacement parts, accessories, batteries, and maintenance items for automotive vehicles.  ¶ 2.[2]

As alleged in the Complaint, during the Class Period Defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, Defendants failed to disclose that: (1) integration issues surrounding the Company's Carquest acquisition resulted in systemic inefficiencies and cannibalization of sales; and (2) increased competition was negatively impacting sales.  As a result of the foregoing, Defendants lacked a reasonable basis for their positive statements about Advance Auto's current and future business and financial prospects.  ¶ 5.

The truth began to be revealed on May 24, 2017, when, during pre-market hours, the Company released the first of several disappointing quarterly financial and operational reports to investors.  The Company reported a quarterly sales decrease of 3.0 percent for the first quarter of 2017; a quarterly decrease in gross profit, which the Company attributed to investments in the customer, inventory optimization efforts, and supply chain expense deleverage; and a quarterly comparable store sales decrease of 2.7 percent.  Following this news, shares of the Company's stock declined $7.64 per share, or over 5.4 percent, to close on May 24, 2017, at $133.02 per share. ¶ 3.

Advance Auto's growth story continued to unravel over the following quarter.  On August 15, 2017, during pre-market hours, the Company reported disappointing second quarter financial and operating results, including that comparable store sales for the quarter were flat.  The Company also announced that with respect to its full-year 2017 financial and operational guidance, it was

---

[2] All "¶" references refer to the complaint filed in *Wigginton v. Advance Auto Parts, Inc.*, 18-cv-00212-GMS, D.I. 1 (D. Del. Feb. 6, 2018).

decreasing its comparable store sales guidance from 0-2 percent growth to negative 3-1 percent decline, decreasing its adjusted operating income rate guidance from a 15-35 basis point year-over-year improvement to a 200-300 basis point year-over-year reduction, decreasing its free cash flow guidance by $100 million, and increasing its "integration and transformation" guidance from approximately $30-35 million to approximately $100-150 million.  Following this additional news, shares of the Company's stock opened trading on August 15, 2017 at $91.99 per share, a decline of nearly 16 percent from the stock's closing price of $109.32 per share on August 14, 2017.  *See* ¶ 4.

Mississippi PERS purchased Advance Auto common stock during the Class Period.  *See* deLeeuw Decl., Ex. A.  Mississippi PERS has suffered losses of approximately ***$2,183,026*** on a LIFO basis in connection with its transactions in Advance Auto common stock during the Class Period as a result of Defendants' violations of the securities laws.

## **ARGUMENT**

## I. **MISSISSIPPI PERS SATISFIES THE PSLRA'S REQUIREMENTS AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice.  *Id*. § 78u-4(a)(3)(A)(i).  Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See id*. § 78u-4(a)(3)(A)-(B).

- 5 -

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

Here, Mississippi PERS is the "most adequate plaintiff" because it: (1) has filed a timely motion for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this motion.  *Id.*

### A.      Mississippi PERS Has Timely Moved for Appointment as Lead Plaintiff

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id.* § 78u-4(a)(3)(A)(i)(II).  Here, the Action was filed on February 6, 2018, and the relevant notice was published that day in *Business Wire*.  *See* deLeeuw Decl., Ex. C.  Thus, April 9, 2018, is the deadline for class members to seek appointment as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A); *see also* D.I. 7 at 2 (noting April 9, 2018 as the deadline to seek appointment as Lead Plaintiff). Accordingly, Mississippi PERS has timely moved this Court for appointment as Lead Plaintiff.

**B.     Mississippi PERS Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and that otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cendant*, 264 F.3d at 222 ("The PSLRA . . . instruct[s] [courts] to 'adopt a presumption' that the most adequate plaintiff is the movant that 'has the largest financial interest in the relief sought by the class[.]'").

Here, Mississippi PERS suffered substantial losses of approximately ***$2,183,026*** on a LIFO basis in connection with its Class Period transactions in Advance Auto securities.  *See* deLeeuw Decl., Exs. A & B.  To the best of Mississippi PERS's knowledge, there are no other applicants seeking Lead Plaintiff appointment that have a larger financial interest in this litigation.

**C.     Mississippi PERS Satisfies Rule 23's Typicality and Adequacy Requirements**

In addition to possessing the largest financial interest in the relief sought by the class, Mississippi PERS also satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff stage, movants are required to make only a "*prima facie* showing of typicality and adequacy." *Cendant*, 264 F.3d at 263.

**1.     Mississippi PERS's Claims Are Typical**

In determining whether a movant satisfies the typicality requirement, courts consider "whether the circumstances of the movant . . . are markedly different or the legal theory upon which the claims of that movant are based differ from that upon which the claims of other class members will perforce be based." *Id.* at 265 (internal quotations and citation omitted).  Mississippi PERS satisfies the typicality requirement because, just like all other members of the proposed class, Mississippi PERS seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in subsequent declines in the price of Advance Auto

securities.  Thus, Mississippi PERS's claims arise from the same conduct as those of the other class members and the typicality requirement has been satisfied.  *See id.*

### 2.    Mississippi PERS Is Adequate

The adequacy element of Rule 23 is satisfied where the Lead Plaintiff can "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  Thus, in evaluating whether a movant satisfies the adequacy requirement, courts consider whether: (1) the movant "has the ability and incentive to represent the claims of the class vigorously"; (2) the movant "has obtained adequate counsel"; and (3) the movant's interests are aligned with those of absent class members. *Cendant*, 264 F.3d at 265 (citation omitted).

Here, Mississippi PERS's significant losses in connection with its Class Period investments in Advance Auto common stock ensure that Mississippi PERS has the incentive to vigorously pursue the claims against Defendants.  Moreover, as set forth in Mississippi PERS's PSLRA certification, Mississippi PERS has affirmatively demonstrated its willingness to pursue this litigation for the benefit of the class.  *See* deLeeuw Decl., Ex. A.  In addition, there are no conflicts between Mississippi PERS and the class, as each seeks to recover losses resulting from Defendants' false and misleading statements.  Mississippi PERS has also demonstrated its adequacy through the selection of Kessler Topaz as Lead Counsel for the class.  As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action litigation in an efficient, effective, and professional manner.

In addition to satisfying the typicality and adequacy requirements of Rule 23, Mississippi PERS—as a sophisticated institutional investor with more than $28 billion in assets under management on behalf of tens of thousands of members and beneficiaries—is also the prototypical

investor Congress sought to encourage to lead securities class actions. *See Cendant*, 264 F.3d at 273 ("the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff"); H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Moreover, Mississippi PERS has significant prior experience serving as Lead Plaintiff under the PSLRA and has recovered billions of dollars for investors. *See, e.g.*, *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, No. 1:08-cv-08093-LTS (S.D.N.Y.) ($500 million recovery); *In re Schering-Plough Corp./ENHANCE Sec. Litig.*, No. 08-cv-0397-ES-JAD (D.N.J.) ($473 million recovery); *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.,* No. 08-cv-10841-JSR-JLC (S.D.N.Y.) ($315 million recovery).

## II.      MISSISSIPPI PERS'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Cendant*, 264 F.3d at 276; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v). The court should not disturb a lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." *See In re Cohen v. U.S. Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice").

Here, Mississippi PERS has selected Kessler Topaz to serve as Lead Counsel for the class. Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* deLeeuw Decl., Ex. D. The firm is actively engaged in complex litigation, and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335

(PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery).  Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004 (DOC) (C.D. Cal.) (reaching a preliminary settlement of $250 million); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-2129 (MMA)  (S.D. Cal.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-03187 (SJC) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Americas Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Finally, Rosenthal Monhait has substantial experience litigating complex securities class actions and is well qualified to represent the class as Liaison Counsel.  *See* deLeeuw Decl., Ex. E.

Thus, the Court may be assured that, in the event this Motion is granted, the class will receive the highest caliber of legal representation available. Accordingly, Mississippi PERS's selection of Lead Counsel and Liaison Counsel should be approved.

## CONCLUSION

For the reasons stated herein, Mississippi PERS respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Kessler Topaz as Lead Counsel for the class and Rosenthal Monhait as Liaison Counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: April 9, 2018

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

*/s/ P. Bradford deLeeuw*

**OF COUNSEL:**

P. Bradford deLeeuw (DE Bar ID #3569)
919 N. Market Street, Suite 1401
Wilmington, Delaware 19801
(302) 656-4433
Email: bdeleeuw@rmgglaw.com

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
Emails: namjed@ktmc.com
        dcheck@ktmc.com
        rdegnan@ktmc.com

*Proposed Liaison Counsel for the Class*

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

- 11 -