# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JEWEL WIGGINTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCE AUTO PARTS, INC., THOMAS R. GRECO and THOMAS OKRAY,<br><br>Defendants. | C.A. No. 18-cv-00212-GMS<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LOCAL 338 RWDSU/UFCW RETIREMENT FUND FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

| | |
|---|---|
| Ira M. Press<br>David A. Bishop<br>Thomas W. Elrod<br>**KIRBY MCINERNEY LLP**<br>825 Third Avenue<br>New York, NY 10040<br>Telephone: (212) 371-6600<br>Email: ipress@kmllp.com<br>          dbishop@kmllp.com<br>          telrod@kmllp.com<br><br>*Counsel for Lead Plaintiff Movant Local 338 and Proposed Lead Counsel for the Class* | Peter B. Andrews (#4623)<br>Craig J. Springer (#5529)<br>David M. Sborz (#6203)<br>**ANDREWS & SPRINGER LLC**<br>3801 Kennett Pike<br>Building C, Suite 305<br>Wilmington, DE 19807<br>Telephone: 302-504-4957<br>Email: pandrews@andrewsspringer.com<br>          cspringer@andrewsspringer.com<br>          dsborz@andrewsspringer.com<br><br>*Liaison Counsel for Lead Plaintiff Movant Local 338 and Proposed Liaison Counsel for the Class* |

Dated April 9, 2018

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.    PRELIMINARY STATEMENT ................................................................................................ 1

II.    FACTUAL BACKGROUND .................................................................................................... 2

III.    ARGUMENT ............................................................................................................................. 3

    A.    Local 338 Should Be Appointed Lead Plaintiff ................................................................. 3

        1.    The Procedure Required by the PSLRA ...................................................................... 3

        2.    Local 338 Satisfies the "Lead Plaintiff" Requirements of the PSLRA ........................... 4

    B.    The Court Should Approve Local 338's Choice of Counsel ............................................. 8

IV.    CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Dura Pharmaceuticals Inc. v Broudo*,
   544 U.S. 336 (2005) ................................................................................................... 5

*Dutton v. Harris Stratex Networks, Inc.*,
   Nos. 08 Civ. 755, 08 Civ. 815, 2009 WL 1598408 (D. Del. June 5, 2009) ....................... 4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ............................................................................ 4, 5, 7, 8

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) .................................................................................... 7

*SEPTA v. Orrstown Fin. Servs. Inc.*,
   No. 12 Civ. 993, 2012 WL 3597179 (M.D. Pa. Aug. 20, 2012) ......................................... 6

*Sofran v. LaBranche & Co.*,
   220 F.R.D. 398 (S.D.N.Y. 2004) .................................................................................. 6

*Vandevelde v. China Natural Gas, Inc.*
   277 F.R.D. 126 (D. Del. 2011) ................................................................................ 4, 6

**Statutes:**

15 U.S.C. §78u-4 ................................................................................................... *passim*

**Rules:**

Fed. R. Civ. P. 23(a) ................................................................................................ 6, 7

**I.    PRELIMINARY STATEMENT**

Local 338 RWDSU/UFCW Retirement Fund ("Local 338" or "Movant") respectfully submits this memorandum of law in support of its motion for: (i) Movant's appointment pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* ("PSLRA") as Lead Plaintiff for the proposed class in the above-captioned action; (ii) the Court's approval of Movant's selection of the law firm of Kirby McInerney LLP ("Kirby McInerney") as Lead Counsel for the proposed Class and Andrews & Springer LLC ("Andrews & Springer") as Liaison Counsel for the Proposed Class; and (iii) such other and further relief as the Court may deem just and proper.

The above-captioned actions allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") by Advance Auto Parts, Inc. ("Advance Auto Parts" or "the Company"), and certain of its current and former officers and directors. Movant is a member of the proposed class of persons or entities who purchased or otherwise acquired the publicly-traded securities of Advance Auto Parts (the "Class") during the period between November 14, 2016 and August 15, 2017, inclusive (the "Class Period"). Movant purchased 10,435 Advance Auto Parts shares during the Class Period, with a total Class Period expenditure of $1,528,241.19. On a net basis, Movant purchased 9,876 shares for a total net Class Period expenditure of $1,442,409.56. Movant suffered total Class Period investment losses of $466,073.85, when losses are calculated on a last-in, first-out ("LIFO") basis. *See* Andrews Decl. Ex. 3.[1]

Local 338 is the most adequate plaintiff as defined by the PSLRA because it possesses a significant financial interest in the Action, *see* Andrews Decl. Ex. 3, and it otherwise satisfies the

---

[1] References to the "Andrews Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Peter B. Andrews, filed contemporaneously herewith.

1

requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and it will fairly and adequately represent the interests of the class. Accordingly, Local 338 should be appointed Lead Plaintiff, and its selection of counsel should be approved.

## II. FACTUAL BACKGROUND

Advance Auto Parts is a leading automotive aftermarket parts provider in North America that serves professional installers, independently-owned operators, and "do-it-yourself" retail customers.[2]

On May 24, 2017, Advance Auto Parts reported disappointing first quarter fiscal 2017 financial and operational results, including a quarterly sales decrease of 3.0%. Additionally, the Company reported a quarterly decrease in gross profit that it primarily attributed to "investments in the customer, inventory optimization efforts and supply chain expense deleverage due to the comparable store sales decline." Advance Auto Parts further reported that its quarterly comparable store sales had declined 2.7%. Following this news, shares of the Company's stock declined $7.64 per share, or over 5.4%, to close on May 24, 2017 at $133.02 per share.

Then on August 15, 2017, Advance Auto Parts reported disappointing second quarter fiscal 2017 financial and operational results and disclosed that "[c]omparable store sales for the quarter were flat." The Company announced additional alterations to full-year fiscal 2017 financial and operational guidance. Advanced Auto Parts (i) decreased its comparable store sales guidance from 0 – 2% growth to negative 3 – 1% decline; (ii) decreased its adjusted operating income rate guidance from a 15 – 35 basis point year-over-year improvement to a 200 – 300 basis point year-over-year reduction; (iii) decreased its free cash flow guidance by $100 million; and (iv) increased

---

[2] The "Factual Background" is derived from the factual allegations of the complaint filed in connection with this action. ECF No. 1.

its "integration and transformation" guidance from approximately $30 – 35 million to approximately $100 – 150 million. Following this news, shares of the Company's stock declined an additional $22.24 per share, or over 20.3%, to close on August 15, 2017 at $87.08 per share.

The Complaint alleges that, throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects. Specifically, Defendants failed to disclose or indicate that: (i) integration issues surrounding the Company's Carquest acquisition resulted in systemic inefficiencies and cannibalization of sales; (ii) increased competition was negatively impacting sales; and (iii) as a result, Defendants' statements about Advanced Auto Part's business, operations and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## III. ARGUMENT

### A. Local 338 Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding the pendency of this Action was published on *PR Newswire*, a national, business-oriented newswire service, on February 8, 2018. *See* Andrews Decl. Ex. 1. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) & (B).

3

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001); *Vandevelde v. China Natural Gas, Inc.*, 277 F.R.D. 126, 131 (D. Del. 2011); *Dutton v. Harris Stratex Networks, Inc.*, Nos. 08 Civ. 755, 08 Civ. 815, 2009 WL 1598408, at *2 (D. Del. June 5, 2009).

As set forth below, Local 338 satisfies these criteria and, thus, is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 2. Local 338 Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a) Local 338 Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 8, 2018), Local 338 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class by the April 9, 2018 deadline. Local 338 has signed and filed a Certification stating that it is willing to serve as representatives on behalf of the class. *See* Andrews Decl. Ex. 2. In addition, Local 338 has

4

selected and retained competent counsel to represent itself and the class. *See* Andrews Decl. Exs. 4-5. Accordingly, Local 338 is entitled to have their application for appointment as Lead Plaintiff and selection of counsel considered and approved by the Court.

### b) Local 338 Has the Requisite Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the movant that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Cendant*, 264 F.3d at 262 ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with "the largest financial interest in the relief sought by the class.").

Local 338 purchased 10.435 shares of Advance Auto Parts stock during the Class Period, with a total Class Period Expenditure of $1,528,241.19. *See* Andrews Decl. Ex. 3. On a net basis, Movant purchased 9,876 shares for a total net Class Period expenditure of $1,442,409.56. Movant's LIFO losses on shares purchased during the Class Period were $466,073.85. *Id*. When losses are limited by the principles of *Dura Pharmaceuticals Inc. v Broudo*, 544 U.S. 336 (2005), Movant's losses from its class period investments are $144,413.85. *See* Andrews Decl., Ex. 3. Accordingly, Local 338 believes that its financial interest in the relief sought by the Class is greater than those of any other qualified movant seeking appointment as Lead Plaintiff.

### c) Local 338 Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the

class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See Vandevelde*, 277 F.R.D. at 132 ("To meet the 'otherwise satisfies' criterion, the movant must establish only a *prima facie* case of typicality and adequacy under traditional Rule 23 principles."). Local 338 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). Typicality is established where each class member's claim "arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *SEPTA v. Orrstown Fin. Servs. Inc.*, No. 12 Civ. 993, 2012 WL 3597179, at *3 (M.D. Pa. Aug. 20, 2012). "However, typicality . . . does not require that all putative class members share identical claims." *Vandevelde*, 277 F.R.D. at 132; *see also, Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").

Local 338 satisfies this requirement for the PSLRA claims because, just like all other class members, it: (1) invested in Advanced Auto securities during the Class Period; (2) made those

investments in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Local 338's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Local 338 to represent the class to the existence of any conflicts between its interests and those of the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representative's claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Cendant*, 264 F.3d at 265; *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147 (D. Del. 2005).

Here, Local 338 is an adequate representative of the class. As evidenced by the injury it suffered based on materially false and misleading statements, its interests are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Local 338 interests and those interests of the other members of the class. Further, Local 338 has taken significant steps which demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. As shown below, Local 338's proposed Lead and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, Local 338 *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve Local 338's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Cendant*, 264 F.3d at 274 ("[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices.").

Movant has selected the law firm of Kirby McInerney to serve as Lead Counsel for the proposed Class. Kirby McInerney is highly experienced in the area of securities litigation and class actions. *See* Andrews Decl. Ex. 4. Kirby McInerney has successfully prosecuted numerous securities litigations and securities class actions on behalf of investors as detailed in the firm's resume. *See Id*. In addition, the law firm of Andrews & Springer, proposed Liaison Counsel, has extensive experience litigating complex class actions on behalf of investors. *See* Andrews Decl. Ex. 5. As a result of this extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of AAP stock will receive the best legal representation available.

Accordingly, the Court should approve Local 338's selection of Lead and Liaison Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Local 338's request that the Court: (i) appoint Local 338 as Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper should be appointed.

Dated: April 9, 2018

By: */s/ Peter B. Andrews*
Peter B. Andrews (#4623)
Craig J. Springer (#5529)
David M. Sborz (#6203)
**ANDREWS & SPRINGER LLC**
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807
Telephone: 302-504-4957
Email: pandrews@andrewsspringer.com
cspringer@andrewsspringer.com
dsborz@andrewsspringer.com

*Liaison Counsel for Lead Plaintiff Movant Local 338 and Proposed Liaison Counsel for the Class*

Ira M. Press
David A. Bishop
Thomas W. Elrod
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Email: ipress@kmllp.com
dbishop@kmllp.com
telrod@kmllp.com

*Counsel for Lead Plaintiff Movant Local 338 and Proposed Lead Counsel for the Class*