**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JEWEL WIGGINTON, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANCE AUTO PARTS, INC., THOMAS R. GRECO and THOMAS OKRAY,<br><br>Defendants. | Case No. 1:18-cv-00212-GMS<br>Hon. Gregory M. Sleet<br><br>CLASS ACTION |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

**ROSENTHAL, MONHAIT & GODDESS, P.A.**
Norman Monhait (DE Bar ID #1040)
P. Bradford deLeeuw (DE Bar ID #3569)
919 N. Market Street, Suite 1401
Wilmington, Delaware 19801
(302) 656-4433
Email: nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Proposed Liaison Counsel for the Class*

**OF COUNSEL:**

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
Emails: namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ....................................................1

ARGUMENT ....................................................4

I. MISSISSIPPI PERS HAS THE LARGEST FINANCIAL INTEREST ....................................................4

II. THE PROFESSIONAL PLAINTIFF RESTRICTION DOES NOT DISQUALIFY MISSISSIPPI PERS ....................................................5

A. The Professional Plaintiff Restriction Does Not Apply To Institutional Investors ....................................................6

B. Even If The Professional Plaintiff Restriction Does Not Exempt Institutional Investors, Mississippi PERS's Appointment Is Warranted Here ....................................................7

CONCLUSION ....................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) .......... 7

*Bach v. Amedisys, Inc.*,
2010 WL 4318755 (M.D. La. Oct. 22, 2010) .......... 8, 10

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .......... 1, 5

*Chiaretti v. Orthodontic Ctrs. of Am., Inc.*,
2003 U.S. Dist. LEXIS 25264 (E.D. La. Aug. 28, 2003) .......... 10

*City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*,
2010 WL 2000040 (D. Idaho May 19, 2010) .......... 8

*Craig v. CenturyLink Inc.*,
2017 WL 4768566 (W.D. La. Oct. 20, 2017) .......... 7

*In re DaimlerChryslerAG Sec. Litig.*,
216 F.R.D. 291 (D. Del. 2003) .......... *passim*

*Dees v. Colonial Bancgroup, Inc.*,
2009 WL 1285424 (M.D. Ala. May 7, 2009) .......... 8

*In re Diamond Foods, Inc. Sec. Litig.*,
281 F.R.D. 405 (N.D. Cal. 2012) .......... 4, 8, 10

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005) .......... 5

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) .......... 10

*In re Extreme Networks Inc. Sec. Litig.*
2016 WL 3519283 (N.D. Cal. June 28, 2016) .......... *passim*

*Hachem v. Gen. Electric Co.*,
2018 WL 502682 (S.D.N.Y. Jan. 19, 2018) .......... 2, 8

*In re Herbalife, Ltd. Sec. Litig.*,
2015 WL 1276710 (C.D. Cal. Mar. 16, 2015) .......... 8

*In re Herley Indus. Inc. Sec. Litig.*,
2010 WL 176869 (E.D. Pa. Jan. 15, 2010) .......... 6, 8

*Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*,
616 F. Supp. 2d 461 (S.D.N.Y. 2009)........................................................................ *passim*

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..............................................................................4

*Knurr v. Orbital ATK, Inc.*,
220 F. Supp. 3d 653 (E.D. Va. 2016) ..........................................................................2, 7

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008).................................................................7, 8

*Meeuwenberg v. Best Buy Co.*,
2004 WL 950362 (D. Minn. Apr. 29, 2004)....................................................................7

*Middlesex Cty. Ret. Sys. v. Semtech Corp.*,
2010 WL 11507255 (C.D. Cal. Aug. 27, 2010)................................................................8

*In re Netflix, Inc. Sec. Litig.*,
2012 WL 1496171 (N.D. Cal. Apr. 27, 2012) .................................................................8

*Norfolk & W. Ry. Co. v. Roberson*,
918 F.2d 1144 (4th Cir. 1990) ..................................................................................7

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
63 F. Supp. 3d 394 (D. Del. 2014)...........................................................................4, 8

*Okla. Firefighters Pension & Ret. Sys. v. Rayonier Advanced Materials, Inc.*,
2015 WL 4730383 (M.D. Fla. Aug. 10, 2015) ..............................................................6, 8

*Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*,
2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) ................................................................8

*Ollila v. Babcock & Wilcox Enters., Inc.*,
253 F. Supp. 3d 827 (W.D.N.C. 2017) ........................................................................8

*Roby v. Ocean Power Techs., Inc.*,
2015 WL 1334320 (D.N.J. Mar. 17, 2015)....................................................................4

*In re Silicon Graphics Sec. Litig.*,
183 F.3d 970 (9th Cir. 1999) ....................................................................................7

*In re Spectrum Pharm., Inc. Sec. Litig.*,
2014 WL 1394162 (D. Nev. Mar. 20, 2014) ............................................................ 6-7, 8

*Stengle v. Am. Italian Pasta Co.*,
2005 U.S. Dist. LEXIS 43816 (W.D. Mo. Dec. 19, 2005) ...............................................10

*Thompson v. The Shaw Grp., Inc.*,
2004 WL 2988503 (E.D. La. Dec. 14, 2004)....................10

*In re Unumprovident Corp. Sec. Litig.*,
2003 U.S. Dist. LEXIS 24633 (E.D. Tenn. Nov. 6, 2003) ....................10

*W. Palm Beach Police Pension Fund v. DFC Global Corp.*,
2014 WL 1395059 (E.D. Pa. Apr. 10, 2014) ....................3, 5, 8

**Statutes**

15 U.S.C. § 78u-4(a) .................... *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 .................. 2-3, 5, 6

Presumptive Lead Plaintiff Mississippi PERS respectfully submits this reply in further support of its motion for appointment as Lead Plaintiff and approval of its selection of Kessler Topaz as Lead Counsel and Rosenthal Monhait as Liaison Counsel (the "Motion") [D.I. 16].[1]

**PRELIMINARY STATEMENT**

Mississippi PERS—a $28 billion state pension fund that is represented through the Office of the Attorney General of Mississippi ("Mississippi AG") and has successfully recovered more than $3.5 billion on behalf of investors as a lead plaintiff—unquestionably asserts the largest financial interest in this litigation of any movant before the Court and has exceeded the *prima facie* showing of typicality and adequacy required by the PSLRA. As such, Mississippi PERS's appointment as Lead Plaintiff is appropriate under the PSLRA and Third Circuit precedent. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 222 (3d Cir. 2001).

Confronted with this statutorily mandated result, Teamsters and Local 338 oppose Mississippi PERS by arguing that Mississippi PERS's service as a lead plaintiff in more than five cases in the last three years renders it a prohibited "professional plaintiff." *See* D.I. 32 at 1 ("Local 338 Opp."); D.I. 34 at 1 ("Teamsters Opp."). However, the PSLRA's professional plaintiff restriction was intended to prohibit individuals—not institutional investors. Tellingly, courts have repeatedly rejected attempts by Teamsters's counsel (Robbins Geller Rudman & Dowd LLP) to disqualify Mississippi PERS on this basis in the past, and have recognized that the "accumulated experience of MissPERS in pursuing multiple securities fraud actions seems a benefit more than a detriment." *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing & Securitization, LLC*, 616 F. Supp. 2d 461, 467 (S.D.N.Y. 2009) ("*C-BASS*").

---

[1] Capitalized terms not defined herein shall have the same meaning as those found in Mississippi PERS's opening and opposition briefs [D.I. 17 & D.I. 35] and, unless otherwise indicated, all emphasis herein is added and all internal citations are omitted.

Teamsters's and Local 338's arguments are predicated on stale, out-of-circuit cases that ***conflict with this District's case law***, [2] and *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653 (E.D. Va. 2016), which Teamsters's counsel recently characterized as "***an out-of-Circuit outlier which has not been followed by a single court***."[3] Indeed, neither Teamsters nor Local 338 identify a single court in the Third Circuit that has disqualified an institutional investor under the restriction and this Court should decline the invitation to be the first to do so for several reasons.

***First***, courts analyzing the professional plaintiff restriction have repeatedly concluded that its application to institutional investors is inconsistent with the PSLRA's purposes. *See* 15 U.S.C. § 78u-4(a)(3)(B)(vi) (requiring restriction to be applied "consistent with the purposes of [the PSLRA]"). As explained in *In re Extreme Networks Inc. Securities Litigation*, "any interpretation that the [restriction] applies to institutional investors ***would contravene*** the very purpose for which the professional plaintiff bar was enacted"—namely, "***increasing*** the role of institutional investors in class actions [in order to] ultimately benefit shareholders . . . ." 2016 WL 3519283, at *7 (N.D. Cal. June 28, 2016). Moreover, the PSLRA's legislative history plainly states that institutional investors "***do not*** represent the type of professional plaintiff this legislation seeks to restrict," which was enacted to limit ***individual*** investors with nominal holdings and little incentive to supervise the litigation. *See* H.R. Conf. Rep. No. 104-369, at 35

---

2 *See In re DaimlerChryslerAG Sec. Litig.*, 216 F.R.D. 291, 299 (D. Del. 2003) ("*Daimler*").

3 *See Hachem v. Gen. Electric Co.*, No. 1:17-cv-08457-JMF, ECF No. 48 at 3 (S.D.N.Y. Jan. 18, 2018) (distinguishing *Orbital* as being "at odds with the established law"), attached as Exhibit A to the Reply Declaration of P. Bradford deLeeuw in Support of the Motion of the Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Reply Decl."). In *General Electric*, Teamsters's counsel successfully argued the restriction did not apply to institutional investor serving as lead plaintiff in nine actions. *See Hachem v. Gen. Electric Co.*, 2018 WL 502682, at *2 (S.D.N.Y. Jan. 19, 2018) ("weight of authority" holds that "the professional plaintiff prohibition does not apply"), *vacated sub nom. Hachem v. Gen. Elec. Inc.*, No. 17-CV-8457 (JMF), 2018 WL 1779345 (S.D.N.Y. Apr. 12, 2018) (ordering new lead plaintiff motions after expansion of claims).

(1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734 ("Conf. Rpt."). "Consistent with this legislative intent," Judge Farnan found in *Daimler* that "the majority of courts applying the professional plaintiff restriction have concluded that the restriction ***does not apply*** to institutional investors." 216 F.R.D. at 299. *Daimler*—which has remained the standard in this District for fifteen years—was inexplicably ignored by Teamsters and Local 338.

***Second***, even if institutional investors are not wholly exempt from the restriction, as held by *Daimler*, the PSLRA "grants courts discretion to ***avoid the unintended consequence*** of disqualifying institutional investors." Conf. Rpt. at 35; 15 U.S.C. § 78u-4(a)(3)(B)(vi) (recognizing discretion); *see also W. Palm Beach Police Pension Fund v. DFC Global Corp.*, 2014 WL 1395059, at *11 (E.D. Pa. Apr. 10, 2014) (same); *Extreme*, 2016 WL 3519283, at *8 (same). To this end, ***nearly every court*** that has considered the application of the restriction to an institutional investor in the last ten years—including ***every*** post-*Orbital* case where this was argued—has refused to disqualify the institutional investor. *See infra*, § II.B.

***Third***, any claim that Mississippi PERS's service as lead plaintiff in other cases impairs its ability to represent the class here is false and has been previously rejected by courts. *See, e.g.*, *C-BASS*, 616 F. Supp. 2d at 467. Mississippi PERS is the ideal lead plaintiff given that its substantial experience (recovering more than $3.5 billion on behalf of injured investors as a lead plaintiff) and its willingness, as detailed in the accompanying declaration submitted by George W. Neville, Special Assistant Attorney General in the Office of the Attorney General for the State of Mississippi (the "Neville Decl."), to commit its substantial resources (including an experienced team of Special Assistant Attorneys General who will confer with counsel, review and edit pleadings, and attend all important proceedings and mediations in this litigation) to the

prosecution of investors' claims will be a tremendous benefit to the class.[4] Neither Teamsters nor Local 338 (which have virtually no history of success as lead plaintiffs) point to a single instance—as there is none—where Mississippi PERS has been unable to fulfill its lead plaintiff obligations. *See C-BASS*, 616 F. Supp. 2d at 467 (comparing Mississippi PERS's experience to challenger's "little real expertise"); *see also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("the PSLRA requires 'actual proof'" of inadequacy). Recognizing Mississippi PERS's ability to zealously represent investors, courts have repeatedly refused to disqualify Mississippi PERS as a "professional plaintiff."[5] The Court should do the same here.

## ARGUMENT

### I. MISSISSIPPI PERS HAS THE LARGEST FINANCIAL INTEREST

Teamsters and Local 338 concede that they do not possess a larger financial interest in this litigation than Mississippi PERS. *See* Teamsters Opp. at 3 (acknowledging that Mississippi PERS "suffered a greater loss than [Teamsters]"); Local 338 Opp. at 6 ("Local 338 has the largest financial interest of the remaining movants, excluding Mississippi PERS"). In fact, Mississippi PERS's financial interest is superior to that of Teamsters and Local 339 under ***any*** of the relevant metrics frequently considered by courts when assessing financial interests (including the most important metric: approximate losses):[6]

---

[4] *See* Reply Decl., Ex. B [Neville Decl.] and Ex. C [Chart of Mississippi PERS's recoveries].

[5] *See, e.g.*, *C-BASS*, 616 F. Supp. 2d at 467; *In re Diamond Foods, Inc. Sec. Litig.*, 281 F.R.D. 405, 409-10 (N.D. Cal. 2012) ("the [PSLRA's] purpose is served by appointing Mississippi PERS"); *Dube v. Signet Jewelers Ltd.*, No. 1:16-cv-06728-JMF, ECF No. 84 at 2 (S.D.N.Y. July 27, 2017) (rejecting professional plaintiff challenge), Reply Decl., Ex. D.

[6] *See Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015) ("The Third Circuit has concluded that 'largest financial interest' means the largest loss."); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("approximate loss" is most important).

| Movant | Losses | Net Expenditures | Net Shares | Total Shares |
|---|---|---|---|---|
| **Mississippi PERS[7]** | **$2,183,026** | **$4,553,850** | **27,165** | **31,102** |
| Teamsters | $564,101 | $1,200,541 | 7,241 | 8,122 |
| Local 338[8] | $466,074 | $1,442,392 | 9,876 | 10,435 |

Given this dominant financial interest and the fact that Mississippi PERS is adequate and typical, Mississippi PERS is the presumptive Lead Plaintiff. *See Cendant*, 264 F.3d at 222.

## II. THE PROFESSIONAL PLAINTIFF RESTRICTION DOES NOT DISQUALIFY MISSISSIPPI PERS

The PSLRA was passed with the purpose of "encourag[ing] institutional investors to take a more active role in securities class action lawsuits." Conf. Rpt. at 34. Notwithstanding this clear mandate, Teamsters and Local 338 argue that Mississippi PERS—a sophisticated institutional investor with, by far, the largest financial interest and a sterling record of leading securities class actions—is unqualified because its experience and success as a lead plaintiff render it a "professional plaintiff." These arguments rely upon a combination of outdated and "outlier" case law and ignore the overwhelming weight of decisions—including *Daimler* and other courts in the Third Circuit—holding that the application of the professional plaintiff restriction to qualified institutional investors would be inconsistent with the purposes of the PSLRA. *See DFC*, 2014 WL 1395059, at *11 ("the PSLRA favors institutional investors").

---

7 Local 338 incorrectly includes Mississippi PERS's August 15, 2017 sales when calculating its net expenditures and net shares. As is undisputed, the disclosure ending the Class Period occurred at 6:30 a.m. Eastern Time on August 15, 2017—hours before the market opened and Mississippi PERS sold its shares. *See* Reply Decl., Ex. E [Advance Auto's August 15, 2017 press release]. In response, the price of Advance Auto stock fell $17.33 per share before the market opened on August 15, 2017. *See* Reply Decl., Ex. F [Advance Auto stock chart]. Any assertion that Mississippi PERS did not suffer losses when selling its shares during the trading day on August 15, 2017, exudes a fundamental misunderstanding of the facts of this case and the loss causation principles under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005).

8 As noted in Mississippi PERS's opposition, Local 338's Schedule A lists numerous transactions in Advance Auto stock that are inconsistent with the daily trading range of Advance Auto stock on the dates the transactions purportedly occurred. *See* D.I. 35 at 6-7. Given these discrepancies, which impact more than half of Local 338's transactions, there are serious questions about the accuracy of Local 338's purported financial interest.

### A. The Professional Plaintiff Restriction Does Not Apply To Institutional Investors

Teamsters's and Local 338's undue reliance on *Orbital* is misplaced. *See* Teamsters Opp. at 2; Local 338 Opp. at 4. As recently conceded by Teamsters's counsel—*Orbital* is "an out-of-Circuit outlier which has not been followed by a single court [and] is at odds with the established law . . . across the country." Reply Decl., Ex. A at 3. No explanation is given for the about-face.

The PSLRA is clear: the professional plaintiff restriction must be applied "***consistent with the purposes of [the PSLRA]***." 15 U.S.C. § 78u-4(a)(3)(B)(vi). However, as previously stated by Teamsters's counsel, "*Orbital*'s analysis fails to address how mechanically barring institutional investors could be 'consistent with the purposes of the PSLRA.'" Reply Decl., Ex. A at 3. Indeed, one of the PSLRA's primary purposes is to "increas[e] the role of institutional investors in class actions" because their involvement will "benefit shareholders and assist courts." Conf. Rpt. at 34. Moreover, the Conf. Rpt. plainly defines "professional plaintiffs" as "***[i]ndividuals*** who are motivated by the payment of a bounty" and "who own a nominal number of shares in a wide array of public companies." Conf. Rpt. at 32-33. Accordingly, "the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors," *Daimler*, 216 F.R.D. at 299, and have agreed that "any interpretation that [the professional plaintiff restriction] applies to institutional investors would contravene the very purpose for which the professional plaintiff bar was enacted." *Extreme*, 2016 WL 3519283, at *7.[9] *Orbital* is inconsistent with the PSLRA's purposes. *See* Reply Decl.,

---

9 *See also, e.g.*, *In re Herley Indus. Inc. Sec. Litig.*, 2010 WL 176869, at *4 n.4 (E.D. Pa. Jan. 15, 2010) ("Recognizing the disconnect between the PSLRA's purpose and the professional plaintiff provisions, the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors."); *Okla. Firefighters Pension & Ret. Sys. v. Rayonier Advanced Materials, Inc.*, 2015 WL 4730383, at *2 (M.D. Fla. Aug. 10, 2015) (institutional investors are not "the kind of entity Congress intended to restrict from serving as lead plaintiff"); *In re Spectrum Pharm., Inc. Sec. Litig.*, 2014 WL 1394162, at *3

Ex. A at 3; *Daimler*, 216 F.R.D. at 299.[10]

The remaining opinions cited by Teamsters and Local 338 have been expressly rejected or are easily distinguishable (and are inconsistent with *Daimler*). For example, *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146 (N.D. Cal. 1999), has not been followed in its own district. As explained by *Extreme*, "in the decade and a half since *Aronson*, ***all*** [of the cases in the Northern District of California] have held that [the restriction] is not a bar to institutional investors—and with good reason." 2016 WL 3519283, at *7 (collecting cases). Likewise, *Craig v. CenturyLink Inc.*, 2017 WL 4768566 (W.D. La. Oct. 20, 2017), is inapplicable given that the court *sua sponte* applied the restriction without briefing and cited no case law in its decision.

### B. Even If The Professional Plaintiff Restriction Does Not Exempt Institutional Investors, Mississippi PERS's Appointment Is Warranted Here

"Even if the Court were to hold that the professional plaintiff bar applied to institutional investors . . . , [the PSLRA] provides the Court with the discretion to lift the bar in appropriate cases." *Extreme*, 2016 WL 3519283, at *8. Teamsters and Local 338 concede this point. *See* Teamsters Opp. at 10 ("the PSLRA's text expressly provides discretion"); Local 338 Opp. at 5 (admitting that "some courts have waived the 5-in-3 rule, holding that the professional plaintiff

---

(D. Nev. Mar. 20, 2014) ("As the legislative history indicates . . . institutional investors do not represent the type of plaintiff that the professional plaintiff provision was intended to restrict."); *Kuriakose v. Fed. Home Loan Mortg. Co.*, 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008) (institutional investors are "not subject to the PSLRA's strict ban on 'professional plaintiffs'"); *Meeuwenberg v. Best Buy Co.*, 2004 WL 950362, at *3 (D. Minn. Apr. 29, 2004) ("majority of courts" hold that "institutional investors exempt from the . . . professional plaintiff restriction.").

[10] The refusal of *Orbital* and its predecessor, *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 820 (N.D. Ohio 1999), to consider the language of the Conf. Rpt. because "Congress enacts, and the President signs, statutes—not conference reports," 220 F. Supp. 3d at 661, is misplaced. The text of the restriction unquestionably requires an analysis of the Conf. Rpt. given that the restriction is to be applied consistent with the purposes of the PSLRA and the Conf. Rpt. "represents the final statement of terms agreed upon by both houses of Congress, [and] next to the statute itself, it is the most persuasive evidence of Congressional intent behind the enactment of a statute." *Norfolk & W. Ry. Co. v. Roberson*, 918 F.2d 1144, 1148 n.3 (4th Cir. 1990); *see also In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 977 (9th Cir. 1999) (explaining that apart from the PSLRA, the Conf. Rpt. represents the "most reliable evidence of congressional intent").

bar was not intended to apply to institutional investors"). Here, Mississippi PERS "has shown that it has the capability to manage this litigation. . . . [and] the statutory purpose [of the PSLRA] is served by appointing Mississippi PERS as lead plaintiff." *Diamond Foods*, 281 F.R.D. at 410.

Consistent with this District's *Daimler* decision, nearly every court to consider the professional plaintiff restriction in the last decade has refused to disqualify an institutional investor as a "professional plaintiff." *See C-BASS*, 616 F. Supp. 2d at 467 ("courts have routinely waived the restriction in the case of qualified institutional investors").[11] Courts also have repeatedly refused to disqualify Mississippi PERS under the restriction.[12]

In the face of the mountain of case law supporting Mississippi PERS's appointment, Teamsters and Local 338 argue that the Court should not exercise its discretion to appoint Mississippi PERS based on unsupported speculation that Mississippi PERS may be stretched too thin by its caseload. *See generally* Local 338 Opp. at 4; Teamsters Opp. at 7-8. This speculation is both false and refuted by the facts before the Court. *See OFI*, 63 F. Supp. 3d at 402 ("the PSLRA requires 'actual proof'" of inadequacy).

Mississippi PERS, a state agency, has more than sufficient resources and experience to oversee this litigation.[13] Here, the Neville Decl. readily establishes that Mississippi PERS—

[11] *See also, e.g.*, *Gen. Electric Co.*, 2018 WL 502682; *Okla. Law Enf't Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017); *Ollila v. Babcock & Wilcox Enters., Inc.*, 253 F. Supp. 3d 827 (W.D.N.C. 2017); *Extreme*, 2016 WL 3519283; *In re Nimble Storage, Inc. Sec. Litig.*, No. 4:15-cv-05803-YGR, ECF No. 69 (N.D. Cal. Mar. 28, 2016), Reply Decl., Ex. G; *Rayonier Advanced*, 2015 WL 4730383; *In re Herbalife, Ltd. Sec. Litig.*, 2015 WL 1276710 (C.D. Cal. Mar. 16, 2015); *Spectrum*, 2014 WL 1394162; *DFC*, 2014 WL 1395059; *In re Netflix, Inc. Sec. Litig.*, 2012 WL 1496171 (N.D. Cal. Apr. 27, 2012); *City of Marysville Gen. Emps. Ret. Sys. v. Nighthawk Radiology Holdings, Inc.*, 2010 WL 2000040 (D. Idaho May 19, 2010); *Herley*, 2010 WL 176869; *Dees v. Colonial Bancgroup, Inc.*, 2009 WL 1285424 (M.D. Ala. May 7, 2009); *Kuriakose*, 2008 WL 4974839.

[12] *See Signet*, Reply Decl., Ex. D; *Diamond Foods*, 281 F.R.D. at 410; *Bach v. Amedisys, Inc.*, 2010 WL 4318755 (M.D. La. Oct. 22, 2010); *Middlesex Cty. Ret. Sys. v. Semtech Corp.*, 2010 WL 11507255 (C.D. Cal. Aug. 27, 2010); *C-BASS*, 616 F. Supp. 2d at 467.

[13] Separately, Teamsters overstates Mississippi PERS's relevant caseload for purposes of the restriction when it states that Mississippi PERS served in fourteen cases in the last three years.

which is represented both by its own Board of Trustees and by the Mississippi AG—has dedicated personnel experienced in supervising outside counsel in the prosecution of securities class actions. Neville Decl., ¶¶ 5-6. Chief among these resources is a team of Special Assistant Attorneys General—including three such attorneys who are already involved in this litigation—who are committed to reviewing and editing pleadings, consulting with outside counsel, providing deposition testimony, and attending important hearings, mediation sessions, and trial, as necessary and appropriate. *Id.*, ¶ 6. Moreover, each of these attorneys has personal experience guiding Mississippi PERS through prior successful securities class actions. *Id.*, ¶ 9. Indeed, Mississippi PERS and, by extension the Mississippi AG, have an unparalleled track record of serving as lead plaintiff that has resulted in the recovery of more than $3.5 billion for injured investors, including more than $1 billion in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 2:05-cv-1151 (D.N.J.)—one of the largest securities class action recoveries of all time. *See* Reply Decl., Ex. C.

Mississippi PERS's level of committed resources and experience—which neither Teamsters nor Local 338 can contribute (neither has recovered even a penny for injured investors as a lead plaintiff)—is a substantial benefit to the putative class. Moreover, the magnitude of Mississippi PERS's losses (which dwarf those of Teamsters and Local 338) further ensures that

*See* Teamsters Opp. at 1. The professional plaintiff restriction only considers cases that were "brought" in the last three years—not all cases that were "active" in this period. *See* Reply Decl., Ex. A at 2 n.3; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(vi) ("a person may be a lead plaintiff . . . in no more than 5 securities class actions ***brought*** as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period"). Mississippi PERS has only been appointed as a lead plaintiff in seven PSLRA cases filed in the last three years. *See* D.I. 20-1. Moreover, many of the fourteen cases cited by Teamsters have been successfully resolved and are no longer active matters requiring substantial attention. Likewise, Local 338's reference to Mississippi PERS's individual action against Valeant Pharmaceutical International, Inc., *see* Local 338 Opp. at 3-4, is irrelevant given that the PSLRA does not impose any disclosure requirements for individual actions. *See* 15 U.S.C. § 78u-4(a)(2)(A)(v) (case disclosure requirement); *id.* § 78u-4(a)(3)(B)(vi) (professional plaintiff restriction).

Mississippi PERS will zealously represent the class here. Indeed, in rejecting a "professional plaintiff" challenge to Mississippi PERS, by a fund not unlike Teamsters or Local 338 here, the *C-BASS* court concluded:

> th[e] [professional plaintiff] provision might apply with less force when the plaintiff is a state agency—after all, a state regularly brings suit in hundreds of cases—and, as already noted, in this case, ***where the alternative lead plaintiff . . . seems to have little real expertise in handling such cases***, [and] the accumulated experience of MissPERS . . . seems a benefit more than a detriment.

616 F. Supp. 2d at 467. Similarly, the *Amedisys* court explained that "given the resources cited by counsel and the extent of the losses claimed by [Mississippi PERS], the Court also finds no merit in the argument . . . that [Mississippi PERS is] 'spread too thin.'" 2010 WL 4318755, at *5.[14] As such, Teamsters's and Local 338's baseless arguments, which conflict with the weight of case law refusing to disqualify Mississippi PERS and other institutional investors under the professional plaintiff restriction, must be rejected. *See, e.g.*, *Daimler*, 216 F.R.D. at 299.

## CONCLUSION

Mississippi PERS respectfully requests that the Court grant its Motion.

[14] *See also Diamond Foods*, 281 F.R.D. at 409 (noting that the "[Mississippi AG] has managed numerous securities class actions, and such experience will improve representation of the class"). In contrast, three cases relied upon by Teamsters and Local 338 involved the same institution that, unlike Mississippi PERS, had only a single general counsel directing all litigation and was found unable to "adequately monitor numerous litigations and counsel simultaneously." *Chiaretti v. Orthodontic Ctrs. of Am., Inc.*, 2003 U.S. Dist. LEXIS 25264 (E.D. La. Aug. 28, 2003); *see also In re Unumprovident Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 24633 (E.D. Tenn. Nov. 6, 2003); *Stengle v. Am. Italian Pasta Co.*, 2005 U.S. Dist. LEXIS 43816, at *19-20 (W.D. Mo. Dec. 19, 2005); *cf. Thompson v. The Shaw Grp., Inc.*, 2004 WL 2988503, at *7 (E.D. La. Dec. 14, 2004) (noting that the institution's sole in-house counsel was responsible for overseeing seven actions); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002) (applying restriction to institution because *Enron* "is probably the largest and most complex of its kind in the history of this country and it will demand the full focus of Lead Plaintiff(s)").

Dated: April 30, 2018

**ROSENTHAL, MONHAIT & GODDESS, P.A.**

*<u>/s/ P. Bradford deLeeuw</u>*
Norman Monhait (DE Bar ID #1040)
P. Bradford deLeeuw (DE Bar ID #3569)
919 N. Market Street, Suite 1401
Wilmington, Delaware 19801
(302) 656-4433
Email: nmonhait@rmgglaw.com
bdeleeuw@rmgglaw.com

*Proposed Liaison Counsel for the Class*

**OF COUNSEL:**

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Naumon A. Amjed (DE Bar ID #4481)
Darren J. Check
Ryan T. Degnan
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706
Emails: namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff the Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*