**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC., SECURITIES LITIGATION | Case No. 18-CV-212-RGA<br><br>CLASS ACTION |

**STIPULATED PROTECTIVE ORDER**

1. **Purposes and Limitations**. Discovery in this action (the "Litigation") is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and ask the Court to enter the following Stipulated Protective Order ("Order"). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the categories of information or items that are entitled to confidential treatment under the applicable legal principles.

2. **Electronically Stored Information**. The parties will confer and attempt to reach an agreement on a proposed form of order to govern the preservation and production of electronically stored information ("ESI"), which will be submitted to the Court for approval ("ESI Protocol"). The ESI Protocol entered by the Court will govern the preservation and production of ESI in this action.

3. **Access To and Use of Discovery Material**. Except as set forth in this Order, Discovery Material, as defined in this paragraph, or information derived therefrom, other than documents or information already in the public domain, shall be used solely in the Litigation. Discovery Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose, any other litigation or proceeding, or dissemination to the media, without the consent of the producing party or Court order; provided, however, that the foregoing

shall not apply to Discovery Material that is in or becomes part of the public domain other than by means of a breach of this Order or any other obligation to maintain the confidentiality of the Discovery Material. "Discovery Material" means materials produced, given, or exchanged in the Litigation through the discovery process by parties and non-parties (collectively, "Producing Parties") and includes, without limitation, deposition testimony, deposition exhibits, written discovery requests, responses to discovery requests, interrogatory responses, admissions, affidavits, declarations, information, and documents (as defined by Federal Rule of Civil Procedure 34(a), including all "writings," "recordings," and "photographs" as those terms are defined in Federal Rule of Evidence 1001). Nothing in this Order shall prohibit the disclosure or use by a producing party of its own Discovery Material for any purpose. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder.

   a. **"Confidential" Discovery Material**. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such Producing Party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Order ("Confidential Discovery Material").

   b. **Scope**. The protections conferred by this Order cover not only Confidential Discovery Material (as defined above), but also any information copied or extracted from Confidential Discovery Material; all copies, excerpts, summaries, or compilations of Confidential Discovery Material; and any testimony, conversations, or presentations by parties or their counsel

that might reveal Confidential Discovery Material (collectively, "Protected Material"). Discovery Material may not be deemed Confidential, regardless of a party's designation, if such document or Discovery Material is in the public domain, provided that such public availability does not result from a breach of this Order or any other obligation to maintain the confidentiality of the Discovery Material.

4. **Access to and Use of Protected Material**. Confidential Discovery Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Discovery Material, or information derived therefrom, must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. No receiving party shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Order.

a. **Disclosure of Confidential Discovery Material**. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a receiving party may disclose, summarize, describe, characterize, or otherwise communicate or make available any Confidential Discovery Material in whole or in part only to the following persons:

> i. Counsel who represent parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Order;
>
> ii. The officers, directors, general partners, management personnel, and employees (including in-house counsel) of the receiving party to whom

disclosure is deemed reasonably necessary by counsel for purposes of assisting in prosecution or defense of this Litigation for use in accordance with this Order;

iii. Subject to Paragraph 4(b), experts or consultants retained to assist counsel for the parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv. Subject to Paragraph 4(c), witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

v. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

vi. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal.

b. **Use of Protected Material by Retained Experts or Consultants**. Notwithstanding Paragraph 4(a) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation; provided that such expert or consultant (i) is using said Confidential Discovery Material solely in connection with this

Litigation; and (ii) agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto, agreeing to be bound by the terms and conditions of this Order, consenting to the jurisdiction of the Court for the purposes of the enforcement of this Order, and agreeing not to disclose or use any Confidential Discovery Material in a manner or for purposes other than those permitted hereunder. Counsel for the party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining an executed copy thereof.

        c.    **Use Of Protected Material By Witnesses Or Deponents**. Notwithstanding Paragraphs 4(a) and (b) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such witness or deponent to prepare for and testify at depositions or trial in this Litigation; provided that such witness or deponent and their counsel is using said Confidential Discovery Material solely in connection with this Litigation.

        d.    **Filing Protected Material**. When any pleading or material of any sort (including motions, briefs, letters, affidavits, exhibits, deposition transcripts, or discovery responses) that is filed with the Court, provided to the Court, or otherwise made part of the record in this Litigation (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material, the Filing will be filed under seal and subsequently redacted. When a party seeks to file materials under seal, the filing must be in accordance with CM/ECF procedures, unless otherwise ordered by the Court. Any party who objects to the continued restriction on public access to any document filed under seal pursuant to this Order shall give written notice of the objection to the Producing Party. To the extent that the

Producing Party seeks to continue the restriction on public access to documents filed with the Court, that party shall file, within thirty (30) days of receiving written notice of an objection, an application with the Court for a judicial determination as to whether good cause exists for continued restricted access to the document.

    5.    **Designating Protected Material**.

        a.    **Exercise of Restraint and Care in Designating Material for Protection**. Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, the Producing Party must promptly notify all other parties that it is withdrawing the mistaken designation.

        b.    **Manner and Timing of Designations**. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before or when the material is disclosed or produced.

            i.  Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings). The Producing Party must affix the words "CONFIDENTIAL" to each page that contains Confidential Discovery Material, as appropriate. In the case of electronic documents produced natively, "CONFIDENTIAL" will be included in the name of the native file

    or directory name, or by affixing the legend "CONFIDENTIAL" to the media containing the Confidential Discovery Material.

  ii. Testimony given in deposition or in other pre-trial or trial proceedings. In the case of depositions or other pre-trial testimony, (1) by statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (2) by written notice, sent to all Parties within 30 days of the receipt of the final transcript; provided that only those portions of the transcript, or exhibits thereto, designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. Unless those attending a deposition, hearing, or other proceeding agree at its conclusion that it shall be treated as non-confidential, and unless otherwise designated on the record, the testimony shall be treated as Confidential Discovery Material in its entirety until the expiration of the 30-day period. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

  iii. Other tangible items. The Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

 c. **Inadvertent Failures to Designate**. If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's

7

right to secure protection under this Order for such material. Upon correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

      6.      **Testimony Regarding Confidential Discovery Materials**. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pretrial venue, any party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Order.

      7.      **Challenging Confidentiality Designations**.

          a.      **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

          b.      **Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidentiality designations without Court involvement. Any motion regarding confidentiality designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      c.    **Judicial Intervention**. If the parties cannot resolve a challenge without Court intervention, the Producing Party may file and serve a motion in the manner provided by the Scheduling Order to retain confidentiality. The burden of persuasion in any such motion shall be on the Producing Party. All parties shall continue to maintain the material in question as designated until the court rules on the challenge.

    8.    **Protected Material Subpoenaed Or Ordered Produced in Other Litigation**. If a receiving party is served with a subpoena, compulsory process, or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Discovery Material, that party must (a) promptly notify the Producing Party in writing and include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order (such notification shall include a copy of this Order); and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Confidential Discovery Material may be affected.

    9.    **Unauthorized Disclosure of Protected Material**. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this agreement, or if any information comes to the receiving party's attention that may indicate there was or is likely to be a loss of confidentiality of any Protected Material, the receiving party must immediately (a) notify in writing the designating party of all pertinent facts relating to the unauthorized disclosures, including, if known, the name, address, and employer of each person to whom the disclosure was made; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; (d) request that such

9

person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (e) make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who received the information.

10. **Inadvertent Production of Privileged or Otherwise Protected Material**. When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. Pr. ("Rule") 26(b)(5)(B). Pursuant to Fed. R. Evid. 502(b), the inadvertent disclosure of any ESI or document ("Privileged Information") will not waive the attorney work product protection or the attorney-client privilege for either the Privileged Information or for the subject matter of the Privileged Information in this or any other action.

      a. **Inadvertent Production Claim**. A Producing Party must promptly notify the party receiving the Privileged Information, in writing, that it has inadvertently disclosed that Privileged Information (an "Inadvertent Production Claim"). Within five (5) business days of the Inadvertent Production Claim, the Producing Party must provide a detailed privilege log that sets forth the information required under Rule 26, including a description of the nature of the privilege, to enable the receiving party to assess the Producing Party's claim of privilege.

      b. **Effect of Inadvertent Production Claim**. Upon receipt of an Inadvertent Production Claim, the receiving party must (i) refrain from any further review, examination, dissemination, use, or disclosure of the claimed Privileged Information; (ii) if requested, certify to the Producing Party that it will promptly make good-faith efforts to identify and return, sequester or destroy the claimed Privileged Information and any reasonably accessible copies it has (including summaries and excerpts).

c.      **Contesting Inadvertent Production Claim.**  If the receiving party contests the claim of attorney-client privilege or work product protection, the receiving party must—within seven (7) business days of receipt of the Inadvertent Production Claim—implement the Court's procedures for a discovery conference and pursuant to those procedures, move the Court, under seal, for an Order compelling disclosure of the information claimed as unprotected. While such motion is pending, however, the Discovery Material in question shall be treated as Privileged Information as set forth in Paragraph 10(b), and, except as provided in Fed. R. Evid. 502(b), such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production; nor shall such motion include, describe, reference, or otherwise disclose, as an attachment, exhibit, or otherwise, the Privileged Information (or any portion thereof) that is the subject of such motion.

11.    **Additional Parties.** Except as otherwise provided in this Order, in the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Order.

12.    **Non-Parties.** The parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Order. Any party issuing a subpoena to a non-party shall enclose a copy of this Order and may notify the non-party that the protections of this Order are available to such non-party.

13.    **Non-Termination and Return of Documents**. Within 60 days after the termination of the Litigation, including all appeals, each receiving party must return all Confidential Discovery Material to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain archival copies of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material. Each party agrees to be bound by the terms of this Order as of the date it is executed below, even if prior to entry of the Order by the Court. The confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

14. **Other Proceedings**. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Confidential pursuant to this Order shall promptly provide that party written notice of the motion identifying the Confidential Discovery Material sought and enclosing a copy of the motion, so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. The receiving party must object to the production of the Confidential Discovery Material on the grounds of the existence of this Order, if the Producing Party timely so requests. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to litigate such motion, beyond lodging its objection as set forth above, or challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the receiving party with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Order.

15. **Effect of this Order**. Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order, shall not:

   a. Prejudice in any way the rights of any party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

   b. Operate as an admission by any party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

   c. Prejudice in any way the rights of any party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Order;

   d. Prevent any party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

   e. Prejudice in any way the rights of any party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

   f. Preclude any party from objecting to discovery that it believes to be otherwise improper; or

   g. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

| | |
|---|---|
| Dated: March 25, 2020 | Dated: March 25, 2020 |
| | |
| */s/ P. Bradford deLeeuw* | */s/ Samuel A. Nolen* |
| P. Bradford deLeeuw (#3569) | Samuel A. Nolen (#971) |
| DELEEUW LAW LLC | Katharine L. Mowery (#5629) |
| 1301 Walnut Green Road | RICHARDS, LAYTON & FINGER, P.A. |
| Wilmington, DE 19807 | One Rodney Square |
| Telephone: (302) 274-2180 | 920 N. King Street |
| Facsimile: (302) 351-6905 | Wilmington, Delaware 19801 |
| Email: brad@deleeuwlaw.com | (302) 651-7700 |
| | nolen@rlf.com |
| *Liaison Counsel* | mowery@rlf.com |
| | |
| */s/ Sharan Nirmul* | Of Counsel: |
| Sharan Nirmul (#4589) | |
| Matthew L. Mustokoff | */s/ Douglas P. Baumstein* |
| Eric K. Gerard | Douglas P. Baumstein |
| Jonathan F. Neumann | Susan L. Grace |
| KESSLER TOPAZ MELTZER | WHITE & CASE, LLP |
| & CHECK, LLP | 1221 Avenue of the Americas |
| 280 King of Prussia Road | New York, New York 10020 |
| Radnor, Pennsylvania 19087 | (212) 819-8200 |
| (610) 667-7706 | dbaumstein@whitecase.com |
| snirmul@ktmc.com | susan.grace@whitecase.com |
| mmustokoff@ktmc.com | |
| egerard@ktmc.com | *Counsel for Defendants Advance Auto Parts,* |
| jneumann@ktmc.com | *Inc., Thomas R. Greco, and Thomas Okray* |
| | |
| *Counsel for Lead Plaintiff the Public* | |
| *Employees' Retirement System of Mississippi* | |
| *and Lead Counsel for the Class* | |

**IT IS SO ORDERED** this 27 day of March, 2020.

/s/ Richard G. Andrews
_____
United States District Judge

**EXHIBIT A:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC., SECURITIES LITIGATION | Case No. 18-CV-212-RGA<br><br>CLASS ACTION |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the District of Delaware in the case of *In re Advance Auto Parts, Inc., Securities Litigation*, Case No. 1:18-cv-212-RGA. I understand the terms and agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Order) for purposes other than those permitted under the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Affiliation: _____


Signature: _____