**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC. SECURITIES LITIGATION | Case No. 18-CV-00212-RTD-SRF<br><br>CLASS ACTION |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, by Memorandum Opinion and Order dated November 6, 2020 (D.I. 151, 152), this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Advance Auto Parts, Inc. ("AAP" or the "Company") between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby ("Class");[1]

WHEREAS, (a) Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class; and (b) defendants AAP, Thomas R. Greco, and Thomas Okray (collectively, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 23, 2021 ("Stipulation"), subject to the approval of this Court ("Settlement");

---

[1] Excluded from the Class are: (i) the Company; (ii) Starboard Value LP; (iii) Thomas R. Greco, Thomas Okray, and Jeffrey C. Smith (the "Excluded Individuals"); (iv) members of the Immediate Families of the Excluded Individuals; (v) the Company's and Starboard's subsidiaries and affiliates; (vi) any person who is or was an officer or director of the Company, Starboard, or any of the Company's or Starboard's subsidiaries or affiliates during the Class Period; (vii) any entity in which the Company, Starboard, or any Excluded Individual has a controlling interest; and (viii) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court.

**EXHIBIT A**

WHEREAS, Class Representative has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and directing notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Class Representative's motion for preliminary approval of the Settlement and authorization to provide notice of the Action and the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, 2022 at __:__ _.m. at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, or by video or telephonic conference (as set forth below), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c)

to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in ¶ 4 of this Order.

3.    The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may also decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website www.AAPSecuritiesLitigation.com. Any Class Member (or their counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the website www.AAPSecuritiesLitigation.com for any change in date, time, or format of the hearing.

4.    **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Class Counsel is hereby authorized to retain Kurtzman Carson Consultants LLC ("KCC" or "Claims Administrator") to supervise and administer the notice procedure in connection with the Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    Defendants shall provide or cause to be provided to the Claims Administrator in electronic format, such as Excel, at no cost to the Settlement Fund, Class Representative, the Class, Plaintiffs' Counsel, or the Claims Administrator, lists (consisting

**EXHIBIT A**

of names, addresses, and e-mail addresses (if available)) of purchasers of record of AAP common stock during the Class Period within five (5) business days after the date of entry of this Order;

(b)     not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit 2, to be mailed by first-class mail, or emailed, to potential Class Members at the addresses set forth in the records provided or caused to be provided by Defendants, or who otherwise may be identified through further reasonable effort, and shall cause a copy of the Notice and the Claim Form (together, the "Notice Packet"), substantially in the forms attached hereto as Exhibits 1 and 3, respectively, to be mailed to the brokers and nominees contained in the Claims Administrator's nominee database (*see* ¶ 6 below);

(c)     contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the website to be developed for the Settlement, www.AAPSecuritiesLitigation.com, from which copies of the Notice and the Claim Form, as well as other relevant documents, can be downloaded;

(d)     not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 4, to be published once in *The Wall Street Journal* and to be transmitted once over *PR Newswire*; and

**EXHIBIT A**

(e)      not later than seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

5.      **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Postcard Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing of the Postcard Notice, the posting of the Notice and the Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in ¶ 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, the Notice, and the Summary Notice before they are mailed (and/or e-mailed), posted, and published, respectively.

6.      **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired AAP common stock during the Class Period for the benefit of another person or entity

shall:  (a) within seven (7) calendar days of receipt of the Notice Packet, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice Packet, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail and/or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. Not later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Class Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court

orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Class Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, their, or its Claim and the subject matter of the Settlement.

9.      Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Class Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, their, or its current authority to act on behalf of the Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

10.      Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, their, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating

thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Class Claims against any of the Released Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in ¶ 8 above.

11.     **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself, themselves, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *AAP Securities Litigation Settlement*, c/o KCC, P.O. Box 43034, Providence, RI  20940-3034, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Advance Auto Parts, Inc. Securities Litigation*, Case No. 18-CV-212-RTD (D. Del.)"; (iii) state the number of shares of AAP common stock (A) owned as of the close of trading on November 14, 2016;  (B) purchased/acquired and sold from the close of trading on November 14, 2016 through the opening of trading on August 15, 2017, inclusive; and (C) held as of the opening of trading on August 15, 2017, as well as the dates and prices of each such purchase/acquisition and sale; (iv) provide documentation showing such person or entity's trading in AAP common stock through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the requester's broker containing the transactional and holding information found in a broker confirmation slip or account statement; and (v) be signed by the person or entity requesting exclusion or an authorized

representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Class received by the Claims Administrator shall be provided to Class Counsel and Defendants' Counsel on a rolling basis within five (5) business days of receipt and no later than fourteen (14) calendar days prior to the Settlement Hearing.

12.     Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

13.     Any Class Member who or that does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Class Claims against any of the Released Parties, as more fully described in the Stipulation and Notice.

14.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who or that does not request exclusion from the Class may appear at the Settlement Hearing at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by sending a letter to the Clerk of Court, at the address set forth in ¶ 15 below, stating his, her, their, or its intent to appear at the Settlement Hearing, such that the letter is received no later than twenty-

one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. If a Class Member intends to have counsel appear on his, her, their, or its behalf at the Settlement Hearing, the letter must identify all attorneys who will appear on the Class Member's behalf and the attorneys must send a notice of their intent to appear. Otherwise, Class Members will be represented by Class Counsel.

15.     Any Class Member who or that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Class Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Class Counsel** | **Defendants' Counsel** |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Mintz, Levin, Cohn, Ferris, Glovsky |
| Sharan Nirmul, Esq. | and Popeo, P.C. |
| 280 King of Prussia Road | Douglas P. Baumstein, Esq. |
| Radnor, PA 19087 | Chrysler Center |
| | 666 Third Avenue |
| | New York, NY 10017 |

16.     Any objections, filings, and other submissions by the objecting Class Member must: (i) identify the case name and docket number (*In re Advance Auto Parts, Inc. Securities Litigation*, Case No. 18-CV-212-RTD (D. Del.)); (ii) state the name, address, and telephone

number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class showing the number of shares of AAP common stock that the objecting Class Member (A) owned as of the close of trading on November 14, 2016; (B) purchased/acquired and sold from the close of trading on November 14, 2016 through the opening of trading on August 15, 2017, inclusive; and (C) held as of the opening of trading on August 15, 2017, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide such documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

17.    Any Class Member who or that does not make his, her, their, or its objection in the manner provided herein may be deemed to have waived his, her, their, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning

the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

18.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Class Representative and all other members of the Class from commencing or prosecuting any of the Released Class Claims against each and all of the Released Parties.

19.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Action and the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

20.     **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

21.     **Taxes** – Class Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails

**EXHIBIT A**

to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the execution of the Term Sheet on November 5, 2021, as provided in the Stipulation.

23.     **<u>Use of this Order</u>** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Class Representative or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the

**EXHIBIT A**

Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

24.    **Supporting Papers** – Class Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____ 202_.

_____
The Honorable Robert T. Dawson
United States District Judge

14

**EXHIBIT A-1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC. SECURITIES LITIGATION | Case No. 18-CV-00212-RTD-SRF<br><br>CLASS ACTION |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action ("Action") pending in the United States District Court for the District of Delaware ("Court") if, during the period between November 14, 2016 and August 15, 2017, inclusive ("Class Period"), you purchased or otherwise acquired the common stock of Advance Auto Parts, Inc. ("AAP"), and were damaged thereby.

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative" or "Lead Plaintiff"), on behalf of itself and the Court-certified Class (as defined in ¶ 28 below), and defendants AAP, Thomas R. Greco, and Thomas Okray (collectively, "Defendants") have reached a proposed settlement of the Action for $49,250,000 in cash that, if approved, will resolve all claims in the Action ("Settlement"). The terms and provisions of the Settlement are contained in the Stipulation and Agreement of Settlement dated December 23, 2021 ("Stipulation").[1]

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶ 70 below).**

- **Description of the Action and the Class:** This Notice relates to the proposed Settlement of claims in a pending securities class action brought by AAP investors. A detailed description of the Action and its procedural history is set forth in ¶¶ 4-22 below. The Settlement, if approved by the Court, will settle the claims of the Class, as defined in ¶ 28 below.

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation. The Stipulation can be viewed at www.AAPSecuritiesLitigation.com.

**EXHIBIT A-1**

- **Statement of the Class's Recovery:** Subject to Court approval, Class Representative, on behalf of the Class, has agreed to settle the Action in exchange for a cash payment of $49,250,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶ 42) will be distributed to eligible Class Members in accordance with a plan of allocation that is approved by the Court. The plan of allocation being proposed by Class Representative ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Based on Class Representative's damages expert's estimate of the number of shares of AAP common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (before deduction of any Court-approved fees, expenses, and administration costs) per eligible share of AAP common stock will be approximately $2.38. **Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Some Class Members may recover more or less than the average amount per share depending on: (i) when and the price at which they purchased/acquired their AAP common stock; (ii) whether they sold their AAP common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of AAP common stock that would be recoverable if Class Representative prevailed in the Action. Among other things, Defendants dispute that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Class as a result of their alleged conduct.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP, has not received any payment of attorneys' fees for its representation of the Class in the Action and has advanced the funds to pay expenses incurred to prosecute the Action with the expectation that if it was successful in recovering money for the Class, it would receive fees and be paid for its expenses from the Settlement Fund, as is customary in this type of litigation. For these efforts, Class Counsel, on behalf of Plaintiffs' Counsel, will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Class Counsel will apply for payment of the Litigation Expenses incurred by Plaintiffs' Counsel in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $2.4 million, plus interest. The foregoing expense amount may also include a request for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4). If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost per eligible share of AAP common stock will be $0.71. **Please note that this amount is only an estimate**.

- **Identification of Attorney Representatives:** Class Representative and the Class are represented by Sharan Nirmul, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, (610) 667-7706, info@ktmc.com, www.ktmc.com. Further information regarding the Action, the Settlement, and this Notice may be obtained by contacting Class Counsel. Additional information may also be obtained by contacting the Claims Administrator at: *AAP*

EXHIBIT A-1

*Securities Litigation Settlement*, c/o KCC, P.O. Box 43034, Providence, RI 20940-3034, 1-866-819-0430, info@AAPSecuritiesLitigation.com, www.AAPSecuritiesLitigation.com. **Please do not contact the Court regarding this Notice.**

- **Reasons for the Settlement:** For Class Representative, the principal reason for the Settlement is the guaranteed, near-term cash benefit for the Class without the risks, delays, and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery—or no recovery at all—might be achieved after further litigation, including rulings on several critical motions pending at the time of settlement, including Defendants' motion for reconsideration of the Court's decision on their motion to dismiss the Amended Complaint and Defendants' motion for summary judgment, a trial of the Action, and post-trial appeals. Despite maintaining that they are not liable for the claims asserted herein and that they have good and valid defenses thereto, Defendants have determined to enter into the Settlement, among other reasons, to avoid further expense, inconvenience, and the burden of protracted litigation, to avoid the distraction and diversion of their personnel and resources, to avoid the risk of litigation, and to obtain a full release of all claims and potential claims from the Class. Each of the Defendants denies that they have committed any violations of law or other wrongdoing.  Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2022.** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Released Parties about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2022.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Class. |
| **GO TO A HEARING ON _____ __, 2022 AT __:__ __.M.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |

**EXHIBIT A-1**

| DO NOTHING. | Get no payment. You will, however, remain a member of the Class, which means that you give up any right you may have to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

These rights and options – and the deadlines to exercise them – are further explained in this Notice. **Please Note:** The date and time of the Settlement Hearing – currently scheduled for _____ __, 2022 at __:__ _.m. – is subject to change without further notice. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.AAPSecuritiesLitigation.com, or with Class Counsel to confirm no change to the date and/or time of the hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

What Is The Purpose Of This Notice? ........................................ Page __
What Is This Case About? .......................................................... Page __
Why Is This A Class Action? ..................................................... Page __
Why Is There A Settlement? ...................................................... Page __
What Might Happen If There Were No Settlement? ................... Page __
How Do I Know If I Am Affected By The Settlement?
   Who Is Included In The Class? ............................................. Page __
How Are Class Members Affected By The Action And
   The Settlement? .................................................................. Page __
How Do I Participate In The Settlement?  What Do I Need To Do? ... Page __
How Much Will My Payment Be? .............................................. Page __
What Payment Are The Attorneys For The Class Seeking?
   How Will The Lawyers Be Paid? ......................................... Page __
What If I Do Not Want To Be A Member Of The Class?
   How Do I Exclude Myself? .................................................. Page __
When And Where Will The Court Decide Whether To Approve
   The Settlement? Do I Have To Come To The Hearing?  May I
   Speak At The Hearing If I Do Not Like The Settlement? ..... Page __
What If I Bought Shares On Someone Else's Behalf? ................ Page __
Can I See The Court File?  Who Should I Contact If I Have
   Questions? ........................................................................... Page __
Proposed Plan of Allocation of Net Settlement Fund Among
   Authorized Claimants ........................................................ Appendix A

| WHAT IS THE PURPOSE OF THIS NOTICE? |
|---|

     1.    The Court has directed the issuance of this Notice to inform potential Class Members about the proposed Settlement and their options in connection therewith before the Court

rules on the proposed Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.    This Notice explains the Action, the Settlement, your legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Class Representative and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

4.    AAP is a leading automotive aftermarket parts provider in North America, serving both professional installers and "do-it-yourself" customers, as well as independently owned operators. AAP's stores and branches offer a broad selection of brand name, original equipment manufacturer and private label automotive replacement parts, accessories, batteries, and maintenance items for domestic and imported cars, vans, sport utility vehicles, and light and heavy duty trucks. AAP's common stock trades on the New York Stock Exchange under the ticker symbol "AAP."

5.    In this Action, Class Representative alleged that, during the Class Period, Defendants made misrepresentations and omissions of material fact regarding AAP's projected 2017 financial performance. Defendants deny any liability or wrongdoing.

6.    On February 6, 2018, a putative securities class action complaint, styled *Wigginton v. Advance Auto Parts, Inc., et al.*, No. 1:18-cv-00212, was filed in the Court against AAP and certain of AAP's executive officers, asserting violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) ("Exchange Act"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

7.    On November 2, 2018, the Court appointed the Public Employees' Retirement System of Mississippi as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and appointed Lead Plaintiff's selection of counsel—Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), as Lead Counsel and Rosenthal, Monhait & Goddess, P.A. as Liaison Counsel for the class.

8.    On January 25, 2019, Lead Plaintiff filed the Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint") against Defendants AAP, Thomas R. Greco, and Thomas Okray. The Amended Complaint added additional defendants, Starboard Value LP ("Starboard") and Starboard's Chief Executive Officer Jeffrey C. Smith (the "Starboard Defendants").

9.    Defendants and the Starboard Defendants filed motions to dismiss the Amended Complaint on April 12, 2019. Class Representative opposed the motions to dismiss on June 14, 2019. Defendants and the Starboard Defendants filed replies in further support of their motions to dismiss on July 19, 2019. The Court, by Order dated February 7, 2020, granted in part and denied in part Defendants' motion to dismiss ("MTD Ruling"). By the MTD Ruling, the Court also

granted the Starboard Defendants' motion to dismiss, dismissing all claims asserted against the Starboard Defendants without prejudice.

10.    On March 18, 2020, Defendants filed their Answer to the Amended Complaint. Thereafter, discovery in the Action commenced.

11.    On May 15, 2020, Lead Plaintiff filed a motion for class certification. Defendants opposed Lead Plaintiff's motion on August 26, 2020, and Lead Plaintiff filed a reply in further support of its motion on October 9, 2020. The Court, by Order dated November 6, 2020 ("Class Certification Order"), granted Lead Plaintiff's motion, certifying the Class—consisting of all persons and entities who purchased or otherwise acquired the common stock of AAP between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby. In addition, the Class Certification Order appointed Lead Plaintiff as Class Representative, appointed Kessler Topaz as Class Counsel, and appointed deLeeuw Law as Liaison Counsel.

12.    On November 20, 2020, Defendants filed a petition with the Third Circuit Court of Appeals for permission to appeal the Class Certification Order, which Class Representative opposed. The Third Circuit denied Defendants' petition on January 12, 2021.

13.    On February 23, 2021, Defendants filed a motion for reconsideration of the Court's MTD Ruling. On March 15, 2021, Defendant filed a renewed motion for reconsideration of the Court's MTD Ruling. On March 29, 2021, Class Representative opposed Defendants' renewed motion for reconsideration.

14.    On May 27, 2021, Class Representative filed a motion to approve the form and manner of notice to the Class. On June 10, 2021, Defendants opposed Class Representative's motion, and on June 17, 2021, Class Representative filed a reply in further support of its motion.

15.    On September 30, 2021, fact and expert discovery concluded. Discovery included voluminous document productions from Defendants, third parties, and Class Representative, 21 merits depositions, the exchange by the Parties of expert reports of two experts retained by Class Representative and three experts retained by Defendants, and depositions of all five experts.

16.    On October 1, 2021, this Action was transferred from the Honorable Richard G. Andrews to the Honorable Robert T. Dawson for all further proceedings.

17.    On October 15, 2021, Defendants filed a motion for summary judgment. Also on October 15, 2021, the Parties filed motions to exclude in whole or in part the testimony of each other's experts.

18.    While certain motions were pending before the Court, the Parties began discussing the possibility of resolving the Action through settlement, ultimately agreeing to mediate before David Murphy of Phillips ADR. A mediation session with Mr. Murphy was held on September 9, 2021. In advance of the mediation, the Parties exchanged detailed, confidential mediation statements addressing liability and damages issues. The Parties were unable to resolve the Action at the September 2021 mediation, but continued to engage in discussions, through Mr. Murphy.

19.    Over the course of the next seven weeks, through negotiations that continued to be facilitated by Mr. Murphy, the Parties reached an agreement to settle the Action pursuant to a mediator's recommendation issued by Mr. Murphy. The Parties memorialized their agreement in a binding term sheet executed on November 5, 2021.

20.     On November 12, 2021, the Court entered the Parties' Stipulation and Proposed Order to Stay Action in order to allow the Parties to further document the Settlement.

21.     After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on December 23, 2021. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.AAPSecuritiesLitigation.com.

22.     On _____ __, 202_, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| WHY IS THIS A CLASS ACTION? |
| --- |

23.     In a class action, one or more persons or entities (in this case, Class Representative), sue on behalf of people and entities that have similar claims. Together, these people and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," of the class.

| WHY IS THERE A SETTLEMENT? |
| --- |

24.     Class Representative and Class Counsel believe that the claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims through trial, as well as the substantial risks they would face. Indeed, at the time the Settlement was reached, Defendants' motion for reconsideration of the Court's MTD Ruling had been fully briefed and pending for over six months. Likewise, Class Representative was poised to respond to Defendants' motion seeking summary judgment of all claims at issue. A decision in Defendants' favor on either of these critical motions could have ended the Action altogether. Even if Class Representative survived the pending motions, it would have faced substantial challenges to establishing liability and the Class's full amount of damages at trial. Such risks include the potential challenges associated with proving that there were material misstatements in Defendants' public statements, that Defendants had actual knowledge of the alleged falsity of the forward-looking statements at issue in the Action, that any investment losses suffered by Class Members were caused by misleading statements made by Defendants, and establishing significant damages under the securities laws.

25.     In light of these risks, the amount of the Settlement, and the guaranteed, near-term recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Class. Class Representative and Class Counsel believe that the Settlement provides a substantial benefit to the Class, as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

**EXHIBIT A-1**

26. Defendants have denied and continue to deny the claims and allegations asserted against them in the Action. Despite maintaining that they are not liable for the claims asserted herein and that they have good and valid defenses thereto, Defendants have agreed to the Settlement solely to avoid further the expense, inconvenience, and the burden of protracted litigation, to avoid the distraction and diversion of their personnel and resources, to avoid the risk of litigation, and to obtain a full release of all claims and potential claims from the Class. Each of the Defendants denies that they have committed any violations of law or other wrongdoing. Defendants expressly deny that Class Representative has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any Defendant in this or any other action or proceeding.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

27.    If there were no Settlement and Class Representative failed to establish any essential legal or factual element of its claims against Defendants, neither Class Representative nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful on any of their pending motions, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

28.    If you are a member of the Class, you are subject to the Settlement, unless you timely request to be excluded. The Class, as certified by the Court's Memorandum Opinion and Order dated November 6, 2020, consists of:

> **All persons and entities who purchased or otherwise acquired the common stock of AAP between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby.**

Excluded from the Class are: (i) the Company; (ii) Starboard Value LP; (iii) Thomas R. Greco, Thomas Okray, and Jeffrey C. Smith (the "Excluded Individuals"); (iv) members of the Immediate Families of the Excluded Individuals; (v) the Company's and Starboard's subsidiaries and affiliates; (vi) any person who is or was an officer or director of the Company, Starboard, or any of the Company's or Starboard's subsidiaries or affiliates during the Class Period; (vii) any entity in which the Company, Starboard, or any Excluded Individual has a controlling interest; and (viii) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class are any persons and entities who or which submit a request for exclusion from the Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to a payment from the Settlement. If you are a Class Member and you wish to be eligible to receive a payment from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation postmarked (if mailed), or online at www.AAPSecuritiesLitigation.com, by no later than _____ __, 2022.**

**EXHIBIT A-1**

| HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

29.     As a Class Member, you are represented by Class Representative and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense. If you choose to hire your own attorney, such attorney must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

30.     If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?," on page ___ below.

31.     If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

32.     If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and the other Released Parties and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Claim (defined in ¶ 33 below) against Defendants and the other Released Parties (defined in ¶ 34 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Claims against any of the Released Parties.

33.     "Released Class Claims" any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, whether at law or in equity, whether class or individual in nature, whether fixed or contingent, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, indirect, or consequential, whether suspected or unsuspected, which Lead Plaintiff or any other Class Member, on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of AAP common stock, ever had, now has, or hereafter can, shall, or may have, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that: (i) have been asserted in this Action

by Lead Plaintiff or any other Class Member against any of the Released Parties; or (ii) could have been asserted in any court or forum by Lead Plaintiff or any other Class Member against any of the Released Parties, that arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint or that relate to the purchase, sale, and/or other acquisition of AAP common stock during the Class Period. Released Class Claims shall not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims of any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

34.    "Released Party" or "Released Parties" means Defendants and all of their respective past, present, and future (including heirs, successors, and assigns) parents, subsidiaries, affiliates, divisions, departments, joint ventures, subcontractors, agents, advisors, auditors, accountants, attorneys, associates, associations, consultants, shareholders, underwriters, insurers, subrogates, co-insurers and reinsurers, and all of their respective past, present, and future officers, directors, divisions, employees, members, partners (general and/or limited), principals, shareholders, successors, representatives, and owners, and anyone acting in concert with any of them, in their capacities as such.

35.    "Unknown Claims" means any Released Class Claims which any Releasing Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Released Party does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Class Representative and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff, as Class Representative, and Defendants acknowledge that they may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the Released Class Claims or the Released Defendants' Claims (defined in ¶ 37 below), but Lead Plaintiff and Defendants shall expressly fully, finally, and forever settle and release, and each of the Releasing Parties (defined in ¶ 38 below) and each of the Released Parties shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment or the Alternative Judgment, if applicable, shall have fully, finally, and forever settled and released, any and all Released Class Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, which now exist or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. Lead Plaintiff and Defendants acknowledge, and each of the Releasing Parties and

**EXHIBIT A-1**

each of the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Class Claims and Released Defendants' Claims was separately bargained for and is a key element of the Settlement.

36.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the Releasing Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims (defined in ¶ 37 below) against any of the Releasing Parties (defined in ¶ 38 below). This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

37.     "Released Defendants' Claims" means all claims, demands, losses, rights, and causes of action of every nature and description, whether known or Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether direct, indirect, or consequential, whether suspected or unsuspected, which arise out of or relate in any way to the institution, prosecution, assertion, settlement, or resolution of the claims asserted in the Action against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

38.     "Releasing Party" or "Releasing Parties" means: (i) Class Representative and each of the Class Members, and (ii) each of their respective Immediate Family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, re-insurers, trusts, trustees, trustors, agents, attorneys, professionals, predecessors, subsidiaries, successors, assigns, heirs, estates, executors, beneficiaries, administrators, and any controlling person thereof, in their capacities as such.

| **HOW DO I PARTICIPATE IN THE SETTLEMENT?** |
|---|
| **WHAT DO I NEED TO DO?** |

39.     To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.AAPSecuritiesLitigation.com, by no later than _____ __, 2022***. A Claim Form is included with this Notice, or you may obtain one at www.AAPSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-819-0430, or by emailing info@AAPSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in AAP common stock, as they will be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in AAP common stock.

11

40.     If you request exclusion from the Class or do not submit a Claim Form, you will not be eligible to share in the Net Settlement Fund.

| **HOW MUCH WILL MY PAYMENT BE?** |
|---|

41.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

42.     Pursuant to the Settlement, Defendants shall pay or cause to be paid $49,250,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) Taxes; (ii) Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

43.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and the Plan of Allocation, or another plan of allocation, and that decision is affirmed on appeal (if any) and/or the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise has expired.

44.     Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Neither Defendants nor any other person or entity (including Defendants' insurance carriers) that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

46.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or received on or before _____ __, 2022 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

47.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to AAP common stock purchased through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY AAP common stock purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases of eligible AAP common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

48.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

49.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

50.     Only Class Members, *i.e.*, persons who purchased or otherwise acquired AAP common stock during the Class Period and were damaged as a result of such purchases/acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**51.     Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Class Representative and Class Counsel. At the Settling Hearing, Class Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

52.     Class Counsel has not received any payment for its services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Class Counsel will also apply for payment of Plaintiffs' Counsel's Litigation Expenses in an amount not to exceed $2.4 million, plus interest. Class Counsel's request for Litigation Expenses may include a request for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class in accordance with 15. U.S.C. § 78u-7(a)(4). The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. *Class Members are not personally liable for any such fees or expenses.*

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

53.     Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *AAP Securities Litigation Settlement*, c/o KCC, P.O. Box 43034, Providence, RI  20940-3034 that is accepted by the Court. The request for exclusion must be *received* **no later than _____ __, 2022**. You will not be able to exclude yourself from the Class after that date.

54.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re Advance Auto Parts, Inc. Securities Litigation*, Case No. 18-CV-00212-

EXHIBIT A-1

RTD (D. Del.)"; (iii) state the number of shares of AAP common stock (A) owned as of the close of trading on November 14, 2016, (B) purchased/acquired and sold from the close of trading on November 14, 2016 through the opening of trading on August 15, 2017, inclusive, and (C) held as of the opening of trading on August 15, 2017, as well as the dates and prices of each such purchase/acquisition and sale; (iv) provide documentation showing such person's or entity's trading in AAP common stock through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the requester's broker containing the transactional and holding information found in a broker confirmation slip or account statement; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

55.  If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Class Claim against any of the Released Parties. Excluding yourself from the Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Released Parties concerning the Released Class Claims. Please note, however, if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Action by a statute of repose. In addition, Defendants and the other Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

56.  If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

57.  Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by the Parties.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DO NOT LIKE THE SETTLEMENT?**

58.  **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

59.  **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Class. In addition, the COVID-19 pandemic is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or telephone, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by video or telephone, it is important that you monitor the Court's docket and the website for the Settlement, www.AAPSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote**

14

appearances at the hearing, will be posted to www.AAPSecuritiesLitigation.com. If the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.AAPSecuritiesLitigation.com.

60.     The Settlement Hearing will be held on _____ __, 2022 at __:__ _.m., before the Honorable Robert T. Dawson, United States District Court Judge, either in person at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

61.     Any Class Member may object to the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Delaware at the address set forth below as well as serve copies on Class Counsel and Defendants' Counsel at the addresses set forth below *on or before* _____ __, *2022*.

| Clerk's Office | Class Counsel | Defendants' Counsel |
|---|---|---|
| United States District Court District of Delaware J. Caleb Boggs Federal Building 844 N. King Street Wilmington, DE 19801 | Sharan Nirmul, Esq. Kessler Topaz Meltzer & Check, LLP 280 King of Prussia Road Radnor, PA 19087 | Douglas P. Baumstein, Esq. Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. Chrysler Center 666 Third Avenue New York, NY 10017 |

62.     Any objections, filings, and other submissions by the objecting Class Member must: (i) identify the case name and docket number (*In re Advance Auto Parts, Inc. Securities Litigation*, Case No. 18-CV-00212-RTD (D. Del.)); (ii) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iv) include documents sufficient to prove membership in the Class showing the number of shares of AAP common stock that the objecting Class Member (A) owned as of the close of trading on November 14, 2016, (B) purchased/acquired and sold from the close of trading on November 14, 2016 through the opening of trading on August 15, 2017, inclusive, and (C) held as of the opening of trading on August 15, 2017, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale. The objecting Class Member shall provide such documentation establishing membership in the Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

63.     **You may not object to the Settlement, Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.**

64.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (1) you first submit a written objection in accordance with the procedures described above, (2) you first submit your notice of appearance in accordance with the procedures described below, or (3) the Court orders otherwise.

65.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 61 above so that it is *received* **on or before _____ __, 2022**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

66.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 61 above so that the notice is *received* **on or before _____ __, 2022**.

67.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

68.     If you purchased or otherwise acquired AAP common stock between November 14, 2016 and August 15, 2017, inclusive, for the beneficial interest of persons or entities other than yourself, you must either: (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and, if available, email addresses of all such beneficial owners to: *AAP Securities Litigation Settlement*, c/o KCC, P.O. Box 43034, Providence, RI  20940-3034. If you choose the second option, the Claims Administrator will send the Postcard Notice to the beneficial owners you have identified on your list. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice, as well as the Claim Form, may also be obtained from the Settlement Website, www.AAPSecuritiesLitigation.com by calling the Claims Administrator toll-free at 1-866-819-0430, or by emailing the Claims Administrator at info@AAPSecuritiesLitigation.com.

EXHIBIT A-1

| CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

69.     This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.AAPSecuritiesLitigation.com. A copy of the Stipulation and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information set forth above, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.ded.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on www.AAPSecuritiesLitigation.com.

70.     All inquiries concerning this Notice and the Claim Form should be directed to:

*AAP Securities Litigation Settlement*
c/o KCC
P.O. Box 43034
Providence, RI  20940-3034
1-866-819-0430
info@AAPSecuritiesLitigation.com
www.AAPSecuritiesLitigation.com

and/or
Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____ __, 202_            BY ORDER OF THE COURT
                                       United States District Court
                                       District of Delaware

**EXHIBIT A-1**

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund
## Among Authorized Claimants

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Class Representative after consultation with its damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted on the website www.AAPSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Amended Class Action Complaint for Violations of the Federal Securities Laws, dated January 25, 2019. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. These calculations have not in any way been agreed to or conceded by Defendants.

In developing the Plan of Allocation, Class Representative's damages expert calculated the estimated amount of alleged artificial inflation in the per-share price of AAP common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions during the Class Period. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Class Representative's damages expert considered price changes in AAP common stock in reaction to certain public disclosures allegedly revealing the relevant truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes on those days that were attributable to market or industry forces. The estimated artificial inflation in AAP common stock for each day of the Class Period is provided in **Table 1** below.

In order to have recoverable damages under the federal securities laws, the disclosure of the relevant truth concealed by the allegedly misrepresented or omitted information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, AAP common stock must have been purchased or otherwise acquired during the period that AAP's common stock was allegedly inflated (*i.e.*, from after market close on November 14, 2016 to before market open on August 15, 2017, inclusive)[2] and **held**

---

[2]     The earliest alleged materially false and misleading statements occurred after market close on November 14, 2016. Thus, the alleged artificial inflation in AAP common stock, as set forth in **Table 1** below, begins the next trading day on November 15, 2016, and the Recognized Loss Amount for shares purchased on November 14, 2016 is $0. The last alleged corrective disclosure

*through at least one of the alleged corrective disclosures* that removed alleged artificial inflation related to that information. Class Representative's damages expert has identified two dates on which alleged corrective disclosures removed alleged artificial inflation from the price of AAP common stock: May 24, 2017 and August 15, 2017.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

1.      For purposes of determining whether a Claimant has a "Recognized Claim," purchases, acquisitions, and sales of AAP common stock will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 7 below.

2.      Any transactions in AAP common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session, with the following two exceptions:  (i) any *purchases* of AAP common stock executed after the close of regular trading hours on May 23, 2017 and prior to the opening of regular trading hours on May 24, 2017 will be treated as occurring on May 23, 2017; and (ii) any *purchases* of AAP common stock executed after the close of regular trading hours on August 14, 2017 and prior to the opening of regular trading hours on August 15, 2017 will be treated as occurring on August 14, 2017. In the calculations below, all purchase, acquisition, and sale prices shall exclude any fees, taxes and commissions.

3.      A "Recognized Loss Amount" will be calculated as set forth below for each share of AAP common stock purchased or otherwise acquired between November 15, 2016 and August 14, 2017, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to $0. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

4.      For each share of AAP common stock purchased or otherwise acquired between November 15, 2016 and August 14, 2017, inclusive, and sold on or before November 10, 2017,[3]

---

that removed the alleged artificial inflation in AAP common stock occurred prior to the opening of the market on August 15, 2017. Thus, the alleged artificial inflation in AAP common stock, as set forth in **Table 1** below, ends the prior trading day on August 14, 2017, and the Recognized Loss Amount for shares purchased on or after August 15, 2017 is $0.

[3]      November 10, 2017 represents the last day of the 90-day period beginning on August 15, 2017, which is the last alleged corrective disclosure date (the "90-Day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-Day Look-Back Period. This limitation is incorporated into the calculation of a Class Member's Recognized Loss Amount. Specifically, a Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the AAP common stock and the average price of AAP common stock during the 90-Day Look-Back Period if the share was held through November 10, 2017, the end of this period. Losses on AAP common stock purchased/acquired during the period between November 15, 2016 and August 14, 2017 and sold during the 90-Day Look-Back Period cannot exceed the difference between the purchase price paid for AAP common stock and the average

an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the per-share purchase/acquisition price *minus* the per-share sale price. As set forth below, the Recognized Loss Amount shall not exceed the Out of Pocket Loss for such shares.

5.      A Claimant's Recognized Loss Amount per share of AAP common stock purchased or otherwise acquired during the Class Period will be calculated as follows:

A.      For each share of AAP common stock purchased or otherwise acquired during the Class Period and sold prior to May 24, 2017 (*i.e.*, the date of the first alleged corrective disclosure), the Recognized Loss Amount is $0.

B.      For each share of AAP common stock purchased or otherwise acquired during the Class Period and subsequently sold between May 24, 2017 and August 14, 2017, inclusive, the Recognized Loss shall be ***the lesser of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below ***minus*** the amount of artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

   ii.      the Out of Pocket Loss.

C.      For each share of AAP common stock purchased or otherwise acquired during the Class Period and subsequently sold between August 15, 2017 and November 10, 2017, inclusive, (*i.e.*, sold during the 90-Day Look-Back Period), the Recognized Loss Amount shall be ***the least of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below;

   ii.      the actual purchase/acquisition price per share ***minus*** the 90-Day Look-Back Value on the date of sale as set forth in **Table 2** below; or

   iii.      the Out of Pocket Loss.

D.      For each share of AAP common stock purchased or otherwise acquired during the Class Period and held as of the close of trading on November 10, 2017, the Recognized Loss Amount shall be ***the lesser of***:

   i.      the amount of artificial inflation applicable to each such share on the date of purchase/acquisition as stated in **Table 1** below; or

---

price of AAP common stock during the portion of the 90-Day Look-Back Period elapsed as of the date of sale (the "90-Day Look-Back Value"), as set forth in **Table 2** below.

ii.     the actual purchase/acquisition price *minus* **$91.35** (*i.e.*, the average closing price of AAP common stock during the 90-Day Look-Back Period, as shown on the last line of **Table 2** below).

## ADDITIONAL PROVISIONS

6.      The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (as defined in ¶ 11 below) is $10.00 or greater.

7.      **FIFO Matching:** If a Class Member has more than one purchase/acquisition or sale of AAP common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings of AAP common stock at the beginning of the Class Period, and then against purchases/acquisitions of AAP common stock in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

8.      **Purchase/Acquisition and Sale Dates:** Purchases/acquisitions and sales of AAP common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of AAP common stock during the Class Period, shall not be deemed a purchase, acquisition, or sale of these shares of AAP common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of AAP common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of AAP common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of AAP common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.      **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the AAP common stock. The date of a "short sale" is deemed to be the date of sale of AAP common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is $0. In the event that a Claimant has an opening short position in AAP common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

10.     **Common Stock Purchased/Sold Through the Exercise of Options:** AAP common stock is the only security eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell AAP common stock are not securities eligible to participate in the Settlement. With respect to AAP common stock purchased or sold through the exercise of an option, the purchase/sale date of the AAP common stock shall be the exercise date of the option and the purchase/sale price shall be the closing price of AAP common stock on the date of the exercise of the option. Any Recognized Loss Amount arising from purchases of AAP common

stock acquired during the Class Period through the exercise of an option on AAP common stock[4] shall be computed as provided for other purchases of AAP common stock in the Plan of Allocation.

11.     **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be: the Authorized Claimant's Recognized Claim (calculated pursuant to this Plan of Allocation) divided by the total Recognized Claims (calculated pursuant to this Plan of Allocation) of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

12.     **Re-Distributions:** After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Class Counsel and approved by the Court.

13.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representative, Plaintiffs' Counsel, Class Representative's damages expert, Defendants, Defendants' Counsel, any of the other Releasing Parties or Released Parties, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or other plan of allocation approved by the Court, or further orders of the Court. Class Representative, Defendants and their respective counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes owed by the Settlement Fund; or any losses incurred in connection therewith.

---

[4]     This includes (1) purchases of AAP common stock as the result of the exercise of a call option, and (2) purchases of AAP common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

EXHIBIT A-1

| TABLE 1 Estimated Alleged Artificial Inflation in AAP Common Stock | | |
|---|---|---|
| **From** | **To** | **Inflation Per Share** |
| November 14, 2016 | November 14, 2016 | $0.00 |
| November 15, 2016 | May 23, 2017 | $28.37 |
| May 24, 2017 | August 14, 2017 | $20.43 |
| August 15, 2017 | Thereafter | $0.00 |

| TABLE 2 AAP Common Stock 90-Day Look-Back Value by Sale/Disposition Date | |
|---|---|
| **Sale Date** | **90-Day Look-Back Value** |
| 8/15/2017 | $87.08 |
| 8/16/2017 | $89.30 |
| 8/17/2017 | $90.48 |
| 8/18/2017 | $91.18 |
| 8/21/2017 | $91.98 |
| 8/22/2017 | $92.62 |
| 8/23/2017 | $92.75 |
| 8/24/2017 | $92.79 |
| 8/25/2017 | $93.13 |
| 8/28/2017 | $93.28 |
| 8/29/2017 | $93.45 |
| 8/30/2017 | $93.73 |
| 8/31/2017 | $94.05 |
| 9/1/2017 | $94.33 |
| 9/5/2017 | $94.49 |
| 9/6/2017 | $94.56 |
| 9/7/2017 | $94.50 |
| 9/8/2017 | $94.48 |
| 9/11/2017 | $94.47 |
| 9/12/2017 | $94.61 |

EXHIBIT A-1

| | |
|---|---|
| 9/13/2017 | $94.87 |
| 9/14/2017 | $95.11 |
| 9/15/2017 | $95.30 |
| 9/18/2017 | $95.44 |
| 9/19/2017 | $95.41 |
| 9/20/2017 | $95.39 |
| 9/21/2017 | $95.32 |
| 9/22/2017 | $95.33 |
| 9/25/2017 | $95.42 |
| 9/26/2017 | $95.50 |
| 9/27/2017 | $95.62 |
| 9/28/2017 | $95.74 |
| 9/29/2017 | $95.84 |
| 10/2/2017 | $95.95 |
| 10/3/2017 | $96.03 |
| 10/4/2017 | $96.00 |
| 10/5/2017 | $95.96 |
| 10/6/2017 | $95.92 |
| 10/9/2017 | $95.79 |
| 10/10/2017 | $95.69 |
| 10/11/2017 | $95.54 |
| 10/12/2017 | $95.33 |
| 10/13/2017 | $95.10 |
| 10/16/2017 | $94.89 |
| 10/17/2017 | $94.74 |
| 10/18/2017 | $94.59 |
| 10/19/2017 | $94.43 |
| 10/20/2017 | $94.27 |
| 10/23/2017 | $94.10 |
| 10/24/2017 | $93.90 |
| 10/25/2017 | $93.69 |

**EXHIBIT A-1**

| | |
|---|---|
| 10/26/2017 | $93.54 |
| 10/27/2017 | $93.32 |
| 10/30/2017 | $93.11 |
| 10/31/2017 | $92.90 |
| 11/1/2017 | $92.68 |
| 11/2/2017 | $92.49 |
| 11/3/2017 | $92.31 |
| 11/6/2017 | $92.11 |
| 11/7/2017 | $91.90 |
| 11/8/2017 | $91.69 |
| 11/9/2017 | $91.51 |
| 11/10/2017 | $91.35 |

# **Exhibit A-2**

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***
***Please visit www.AAPSecuritiesLitigation.com for more information.***

The parties in the action captioned *In re Advance Auto Parts, Inc. Securities Litig.*, Case No. 18-CV-00212-RTD (D. Del.) have reached a proposed settlement of claims in a pending contested securities class action against Advance Auto Parts, Inc. ("AAP"), Thomas R. Greco, and Thomas Okray (collectively, "Defendants"). If approved, the Settlement will resolve a lawsuit in which Class Representative alleged that Defendants made misrepresentations and omissions of material fact regarding AAP's projected 2017 financial performance. Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Class: all persons and entities who purchased or otherwise acquired the common stock of AAP between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby ("Class Members").

Pursuant to the Settlement, Defendants and/or their insurers have agreed to pay $49,250,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among Class Members who submit valid claims, in exchange for the settlement of the action and the release of all claims asserted in the action and related claims. **For additional information and related procedures, please review the full Notice available at www.AAPSecuritiesLitigation.com.** If you are a Class Member, your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and the number, size, and timing of your transactions in AAP common stock. If all Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of AAP common stock will be approximately $2.38 before deduction of Court-approved fees and expenses. Your share of the Settlement proceeds will be determined by the Plan of Allocation set forth in the Notice, or other plan ordered by the Court.

**To qualify for payment, you must submit a valid Claim Form.** The Claim Form can be found and submitted on the Settlement Website, or you can request that a Claim Form be mailed to you. **Claim Forms must be postmarked (if mailed), or submitted online, by _____, 2022.** If you do not want to be legally bound by any releases, judgments, or orders in the action, **you must exclude yourself** from the Class by **_____, 2022**. If you exclude yourself from the Class, you may be able to sue Defendants about the claims being resolved in the action, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection by **_____, 2022**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on **_____, 2022 at __:__ _.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Class for up to 25% of the Settlement Fund in attorneys' fees, plus expenses of no more than $2.4 million (which equals a cost of approximately $0.71 per eligible share of AAP common stock). You may attend the hearing and ask to be heard by the Court, but you are not required to do so. **For more information, call 1-866-819-0439, email info@AAPSecuritiesLitigation.com or visit www.AAPSecuritiesLitigation.com.**

AAP Securities Litigation Settlement
KCC
P.O. Box 43034
Providence, RI  20940-3034

### *COURT-ORDERED LEGAL NOTICE*

*In re Advance Auto Parts, Inc. Securities Litig.*,
Case No. 18-CV-00212-RTD (D. Del.)

**Your legal rights may be affected by this securities class action. You may be eligible for a cash payment from the Settlement. Please read this Notice carefully.**

**For more information, please visit www.AAPSecuritiesLitigation.com, email info@AAPSecuritiesLitigation.com, or call 1-866-819-0439.**

EXHIBIT A-3

### *AAP Securities Litigation Settlement*
**c/o KCC**
**P.O. Box 43034**
**Providence, RI  20940-3034**

**Toll-Free Number:  1-866-819-0430**
**Email:  info@AAPSecuritiesLitigation.com**
**Website:  www.AAPSecuritiesLitigation.com**

### PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the class action captioned *In re Advance Auto Parts, Inc. Securities Litigation*, Case No. 18-CV-00212-RTD (D. Del.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class mail to the above address, or submit it online at www.AAPSecuritiesLitigation.com, **postmarked (or received) no later than _____ __, 2022**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court,**
**the Parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR**
**AT THE ADDRESS SET FORTH ABOVE OR ONLINE AT**
**WWW.AAPSECURITIESLITIGATION.COM.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT IDENTIFICATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN ADVANCE AUTO PARTS, INC. ("AAP") COMMON STOCK** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

1

EXHIBIT A-3

## PART I – GENERAL INSTRUCTIONS

1.      This Claim Form is directed to members of the Class, as defined in the Stipulation and Agreement of Settlement dated December 23, 2021 ("Stipulation") and Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice").[1] The Stipulation and Notice are available for download on the website www.AAPSecuritiesLitigation.com. Please read the Notice carefully. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed to eligible Class Members if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described therein and provided for herein.

2.      By submitting this Claim Form, you are making a request to share in the Settlement proceeds. IF YOU ARE NOT A CLASS MEMBER (defined in ¶ 28 of the Notice), OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.      Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in and holdings of AAP common stock. Please provide all of the requested information with respect to your holdings, purchases/acquisitions, and sales of AAP common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim. Neither the Claims Administrator nor the Parties have access to your trading information.**

5.      **Please note**: Only AAP common stock purchased during the Class Period (*i.e.*, between November 14, 2016 and August 15, 2017, inclusive) is eligible under the Settlement. However, pursuant to the "90-day Look-Back period" (described in the Plan of Allocation set forth in the Notice), your sales of AAP common stock during the period from August 15, 2017 through and including the close of trading on November 10, 2017 will be used to calculate your loss under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to calculate your Claim, your transactions during the 90-day Look-Back period must also be provided. **Failure to report all transaction and holding information during the requested time period may**

---

[1]      Certain persons and entities are excluded from the Class by definition as set forth in ¶ 28 of the Notice.

**EXHIBIT A-3**

**result in the rejection of your Claim.**

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of AAP common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information regarding your investments in AAP common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.      If your AAP common stock was owned jointly, all joint owners must sign this Claim Form and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased/acquired AAP common stock during the Class Period and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased/acquired AAP common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.      **You must submit a separate Claim Form for each separate legal entity or separately managed account**. Generally, one Claim Form should be submitted on behalf of one legal entity and include all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms should be submitted for each such account (*e.g.*, an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). The Claims Administrator reserves the right to request information on all the holdings and transactions in AAP common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the AAP common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating

3

only that they have discretionary authority to trade securities in another person's accounts.)

10.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto.

11.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

12.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or a copy of the Notice, you may contact the Claims Administrator, Kurtzman Carson Consultants, LLC ("KCC"), at the above address, by email at info@AAPSecuritiesLitigation.com, or by toll-free phone at 1-866-819-0430, or you can visit www.AAPSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit www.AAPSecuritiesLitigation.com, or you may email the Claims Administrator's electronic filing department at info@AAPSecuritiesLitigation.com. **Any file that is not in accordance with the required electronic filing format will be subject to rejection.** No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to you to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@AAPSecuritiesLitigation.com to inquire about your file and confirm it was received.**

<u>**IMPORTANT PLEASE NOTE**</u>:

**YOUR CLAIM, IF MAILED, IS NOT DEEMED SUBMITTED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-819-0430.**

**EXHIBIT A-3**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name               Beneficial Owner's Last Name

Co-Beneficial Owner's First Name     Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                                          State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                              Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim.)

**EXHIBIT A-3**

Account Number (where securities were traded)[2]

| | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Claimant Account Type (check appropriate box)

☐  Individual (includes joint owner accounts)     ☐  Pension Plan     ☐  Trust
☐  Corporation                                    ☐  Estate
☐  IRA/401K                                       ☐  Other _____ (please specify)

---

[2]      If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**EXHIBIT A-3**

## PART III – SCHEDULE OF TRANSACTIONS IN
## ADVANCE AUTO, INC. COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than AAP common stock.

| | Confirm Proof of Holding Position Enclosed |
|---|---|
| **1.  HOLDINGS AS OF NOVEMBER 14, 2016** – State the total number of shares of AAP common stock held as of the close of trading on November 14, 2016.  (Must be documented.)  If none, write "zero" or "0." _____ | ○ |

**2.  PURCHASES/ACQUISITIONS FROM NOVEMBER 14, 2016 TO AUGUST 15, 2017, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of AAP common stock from after the close of trading on November 14, 2016 through and including the opening of trading on August 15, 2017.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/Acquisition Price Per Share | Total Purchase/Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3.  PURCHASES/ACQUISITIONS FROM AUGUST 15, 2017 TO NOVEMBER 10, INCLUSIVE** – State the total number of shares of AAP common stock purchased/acquired (including free receipts) from after the opening of trading on August 15, 2017 through and including the close of trading on November 10, 2017. (Must be documented.)  If none, write "zero" or "0."[3] _____

| | IF NONE, CHECK HERE |
|---|---|
| **4.  SALES FROM NOVEMBER 14, 2016 TO NOVEMBER 10, 2017, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of AAP common stock from after the close of trading on November 14, 2016 through and including the close of trading on November 10, 2017. (Must be documented.) | ○ |

---

[3]     **Please note**:  Information requested with respect to your purchases/acquisitions of AAP common stock from after the opening of trading on August 15, 2017 through and including the close of trading on November 10, 2017 is needed in order to perform the necessary calculations for your Claim; purchase/acquisitions during this period, however, are not eligible transactions and will not be used to calculate Recognized Loss Amounts pursuant to the Plan of Allocation.

7

**EXHIBIT A-3**

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting taxes, commissions, and fees) | Confirm Proof of Sales Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| **5.  HOLDINGS AS OF NOVEMBER 10, 2017 –** State the total number of shares of AAP common stock held as of the close of trading on November 10, 2017.  (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU NEED ADDITIONAL SPACE, ATTACH THE REQUIRED INFORMATION ON SEPARATE, NUMBERED SHEETS IN THE SAME FORMAT AS ABOVE AND PRINT YOUR NAME AND THE LAST FOUR DIGITS OF YOUR SOCIAL SECURITY OR TAXPAYER IDENTIFICATION NUMBER AT THE TOP OF EACH ADDITIONAL SHEET. IF YOU ATTACH SEPARATE SHEETS, CHECK THIS BOX: □**

**EXHIBIT A-3**

## <u>PART IV - RELEASE OF CLAIMS AND SIGNATURE</u>

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment, or Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Claim (defined in ¶ 32 of the Notice) against Defendants and the other Released Parties (defined in ¶ 33 of the Notice), and shall forever be barred and enjoined from prosecuting any or all of the Released Class Claims against any of the Released Parties.

**CERTIFICATION**

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.      that the Claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4.      that I (we) own(ed) the AAP common stock identified in the Claim Form and have not assigned the claim against the Released Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.      that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions of AAP common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.      that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the Releases set forth herein;

7.      that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

8.      that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9

**EXHIBIT A-3**

10.      that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence.**

I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of Claimant                                                                              Date

_____

Print Claimant name here

_____

Signature of joint Claimant, if any                                                        Date

_____

Print joint Claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of Claimant                         Date

_____

Print name of person signing on behalf of Claimant here

_____

Capacity of person signing on behalf of Claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of Claimant – *see* ¶ 9 on page __ of this Claim Form.)

**EXHIBIT A-3**

## <u>REMINDER CHECKLIST</u>

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint Claimants, then each joint Claimant must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your Claim is not deemed submitted until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-819-0430.** If you submit your Claim electronically, you will receive a confirmatory email within 10 days of your submission

6. If your address changes in the future, please send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@AAPSecuritiesLitigation.com, or by toll-free phone at 1-866-819-0430 or you may visit www.AAPSecuritiesLitigation.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE AT WWW.AAPSECURITIESLITIGATION.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2022.**  IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*AAP Securities Litigation Settlement*
**c/o KCC**
**P.O. Box 43034**
**Providence, RI  20940-3034**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date is indicated on the envelope. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**EXHIBIT A-4**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC. SECURITIES LITIGATION | Case No. 18-CV-00212-RTD-SRF<br><br>CLASS ACTION |

## SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:** **All persons and entities who purchased or otherwise acquired the common stock of Advance Auto Parts, Inc. ("AAP") between November 14, 2016 and August 15, 2017, inclusive:**

## PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Delaware ("Court"), that the above-captioned action ("Action") has been certified as a class action on behalf of the following class: all persons and entities who purchased or otherwise acquired the common stock of AAP between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby (the "Class"). Certain persons and entities are excluded from the Class by definition as set forth in the Stipulation and Agreement of Settlement dated December 23, 2021 ("Stipulation") and the Notice described below.

**YOU ARE ALSO HEREBY NOTIFIED** that Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class, has reached a proposed settlement of the Action with defendants AAP, Thomas R. Greco, and Thomas Okray (collectively, "Defendants") for $49,250,000 in cash ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing ("Settlement Hearing") will be held on _____, 2022 at \_\_:\_\_ \_.m., before the Honorable Robert T. Dawson, United States District Court Judge, either in person at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, or by video or telephonic conference as the Court may order, to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the releases specified and described in the Stipulation (and in the Notice described below) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's motion for attorneys' fees and litigation expenses should be approved. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates

1

regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.AAPSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"). You may obtain a copy of the Notice, along with the Claim Form, on the website for the Settlement, www.AAPSecuritiesLitigation.com, or from Class Counsel's website, www.ktmc.com. You may also obtain copies of the Notice and Claim Form by contacting the Claims Administrator at *AAP Securities Litigation Settlement*, c/o KCC, P.O. Box 43034, Providence, RI 20940-3034; 1-866-819-0430; info@AAPSecuritiesLitigation.com.

To be eligible to receive a payment from the Settlement, you must be a member of the Class and submit a Claim Form *postmarked (if mailed), or online via www.AAPSecuritiesLitigation.com, no later than _____, 2022*, in accordance with the instructions set forth in the Claim Form. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the Settlement proceeds, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is *received no later than _____, 2022*, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not receive any benefits from the Settlement. Excluding yourself from the Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement. Please note, however, if you decide to exclude yourself, you may be time-barred from asserting certain of the claims covered by the Action by a statute of repose.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and litigation expenses, must be submitted to the Court and served on Class Counsel and Defendants' Counsel such that they are *received no later than _____, 2022*, in accordance with the instructions set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to Class Counsel or the Claims Administrator.

Requests for the Notice and Claim Form should be made to the Claims Administrator:

*AAP Securities Litigation Settlement*
c/o KCC
P.O. Box 43034
Providence, RI 20940-3034

**EXHIBIT A-4**

(866) 819-0430
info@AAPSecuritiesLitigation.com
www.AAPSecuritiesLitigation.com


All other inquiries should be made to Class Counsel:

Sharan Nirmul, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
info@ktmc.com


DATED:  _____ __, 2022                       BY ORDER OF THE COURT
                                                   United States District Court
                                                   District of Delaware

3