IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ADVANCE AUTO PARTS, INC. SECURITIES LITIGATION | Case No. 18-cv-00212-RTD-SRF <br><br> CLASS ACTION |

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the above-captioned action is pending in this Court ("Action");

WHEREAS, by Memorandum Opinion and Order dated November 6, 2020 (D.I. 151, 152), this Court certified the Action to proceed as a class action on behalf of all persons and entities who purchased or otherwise acquired the common stock of Advance Auto Parts, Inc. ("AAP" or the "Company") between November 14, 2016 and August 15, 2017, inclusive, and were damaged thereby ("Class");[1]

WHEREAS, (a) Court-appointed Class Representative the Public Employees' Retirement System of Mississippi ("Class Representative"), on behalf of itself and the Court-certified Class; and (b) defendants AAP, Thomas R. Greco, and Thomas Okray (collectively, "Defendants") have entered into the Stipulation and Agreement of Settlement, dated December 23, 2021 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against

---

[1] Excluded from the Class are: (i) the Company; (ii) Starboard Value LP; (iii) Thomas R. Greco, Thomas Okray, and Jeffrey C. Smith (the "Excluded Individuals"); (iv) members of the Immediate Families of the Excluded Individuals; (v) the Company's and Starboard's subsidiaries and affiliates; (vi) any person who is or was an officer or director of the Company, Starboard, or any of the Company's or Starboard's subsidiaries or affiliates during the Class Period; (vii) any entity in which the Company, Starboard, or any Excluded Individual has a controlling interest; and (viii) the legal representatives, heirs, successors, and assigns of any such excluded person or entity. Also excluded from the Class are the persons and entities who or which submitted a request for exclusion from the Class that was accepted by the Court as listed on Exhibit 1 hereto.

Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated January 11, 2022 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on June 13, 2022 ("Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 23, 2021; and (b) the Postcard Notice, the Notice, and the Summary Notice, all of which were filed with the Court on May 9, 2022.

3. **Notice** – The Court finds that the dissemination of the Postcard Notice, the posting of the Notice on the Settlement Website, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members are bound by this Judgment except the person listed on Exhibit 1 to this Judgment.

4. **CAFA Notice** – The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq.*, to the extent applicable to the Action, have been satisfied and that the statutory waiting period for entry of this Judgment has elapsed.

5. **Objections** – There are no objections to the Settlement.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class. Specifically, the Court finds that (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether

or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The person listed on Exhibit 1 hereto is excluded from the Class pursuant to request and is not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in ¶¶ 4 and 5 of the Stipulation, together with the definitions contained in ¶ 1 of the Stipulation relating thereto, are expressly incorporated herein. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Class Claim against the Released Parties, and shall forever be barred and enjoined from prosecuting any or all of the Released Class Claims against any of the Released Parties. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to ¶ 10 below, upon the Effective Date of the Settlement, the Released Parties, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Releasing Parties, and shall forever be barred

and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Releasing Parties. This Release shall not apply to any person or entity listed on Exhibit 1 hereto.

10. Notwithstanding ¶¶ 9 (a)–(b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Bar Order** – Upon the Effective Date of the Settlement, all future claims, counterclaims, cross-claims, third-party claims or other actions in any other federal, foreign, state or local court, forum or tribunal, based upon, relating to, or arising out of the Released Class Claims and/or the claims or allegations asserted by Class Representative in the Amended Complaint, or in any other pleadings filed in the Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated), whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law, shall be permanently and forever barred.

12. **Rule 11 Findings** – Pursuant to 15 U.S.C. § 78u-4(c)(1) and based on its review of the record, the Court finds that the Parties and their respective counsel have complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall

be offered against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any alleged fact, alleged claim, allegation of fault, allegation of liability, allegation of wrongdoing, or allegation of damages by any Releasing Party or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties or in any way referred to for any other reason as against any of the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; (b) shall be offered against any of the Releasing Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Releasing Parties that any of their claims are without merit, that any of the Released Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Releasing Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and the Parties shall revert to their

respective positions in the Action immediately prior to the execution of the Term Sheet on November 5, 2021, as provided in the Stipulation.

18. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 13th day of June 2022.

_____
The Honorable Robert T. Dawson
United States District Judge

**Exhibit 1**

**List of Persons and Entities Excluded from the Class Pursuant to Request**

1. Catherine K. Cargen
   San Antonio, TX